**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDI F. RAMUNDO, On Behalf of Herself and All Others Similarly Situated, | Case No. 11-cv-03350 |
| Plaintiff, | Honorable Charles P. Kocoras |
| v. | |
| MICHAELS STORES, INC., a Delaware corporation, | |
| Defendant. | |
| MARY ALLEN, on behalf of herself and all others similarly situated, | Case No. 11-cv-03579 |
| Plaintiff, | Honorable Blanche M. Manning |
| v. | |
| MICHAELS STORES, INC., a Delaware corporation, | |
| Defendant. | |
| KIMBERLY M. SIPRUT, on behalf of herself and all others similarly situated, | Case No. 11-cv-03725 |
| Plaintiff, | Honorable Robert M. Dow, Jr |
| v. | |
| MICHAELS STORES, INC., a Delaware corporation, | |
| Defendant. | |

**JOINT MOTION TO RELATE, REASSIGN, AND CONSOLIDATE CASES**

Plaintiffs Brandi F. Ramundo ("Ramundo"), Mary Allen ("Allen"), and Kimberly M. Siprut ("Siprut") (collectively, "Plaintiffs"), by their undersigned counsel, respectfully move this Court for an Order, pursuant to Local Rule 40.4, relating the above-captioned actions and

1

reassigning the Allen and Siprut cases to this Court, and, pursuant to Federal Rule of Civil Procedure 42(a)(2), consolidating the above-captioned actions. Plaintiffs' motion should be granted because the cases concern the same subject matter, seek to represent the same class of people for substantially identical legal claims, are based on virtually identical factual allegations, are against the same defendant, Michaels Stores, Inc. ("Michaels" or "Defendant"), and all involve common questions of law and fact.

This motion is brought on the grounds that consolidation is necessary to protect the interests of the members of the proposed class and progress these actions toward class certification and trial. For these reasons, and as detailed more fully below, Plaintiffs respectfully request that the Court grant their motion to relate their cases -- *Ramundo v. Michaels Stores, Inc.*, case no. 11-cv-3350,[1] *Allen v. Michaels Stores, Inc.*, case no. 11-cv-3579,[2] and *Siprut v. Michaels Stores, Inc.*, case no. 11-cv-3725[3] -- reassign the *Allen* and *Siprut* cases to Your Honor, and consolidate the above-captioned actions.

## I.    FACTUAL BACKGROUND

Plaintiffs Ramundo, Allen, and Siprut brought their respective actions on behalf of themselves and all others similarly situated against defendant Michaels for failing to secure and safeguard its customers' personal financial data, including credit and debit card information and PIN numbers. (Ramundo, Allen, and Siprut Compls. ¶ 1.)

---

[1] A true and correct copy of the *Ramundo* Complaint ("Ramundo Compl."), filed on May 18, 2011, is attached hereto as Exhibit A.

[2] A true and correct copy of the *Allen* Complaint ("Allen Compl."), filed on May 27, 2011, is attached hereto as Exhibit B.

[3] A true and correct copy of the *Siprut* Complaint ("Siprut Compl."), filed on June 1, 2011, is attached hereto as Exhibit C.

Michaels is North America's largest specialty arts and crafts retailer with more than 964 stores located in the United States. (Ramundo Compl. ¶ 9.[4]) Michaels uses PIN pads to process its customers' in-store debit and credit card payments. (*Id.* ¶ 3.) A PIN pad is an electronic device used in a debit or credit card-based transaction to input and encrypt the cardholder's personal identification number, or PIN. (*Id.*) The PIN pad is required so that the customer card can be accessed and the PIN can be securely entered, stored and encrypted before it is sent to the transaction manager or the bank for verification. (*Id.*)

Michaels failed to employ commercially reasonable security measures, like ensuring the physical security of its checkout line terminals and inspecting and testing its payment processing equipment, to protect customers' debit and credit card information during in-store purchases using PIN pads. (*Id.* ¶ 4.) Michaels' knowing and willful failure to secure its customers' debit and credit card information led to a security breach that exposed the financial data and bank account balances of customers who shopped at 80 Michaels stores across 20 states between February 8, 2011 and May 6, 2011. (*Id.*) More specifically, Michaels' lack of adequate security granted easy access to third-parties who tampered with in-store PIN pads to "skim" unwitting customers' debit and credit card information and subsequently steal money directly from the victims' bank accounts from remote automated teller machines. (Ramundo Compl. ¶ 2.)

Almost three months after the skimming scheme began, Michaels first notified some of its customers about the security breach on May 5, 2011 via email (the "email Alert"). (*Id.* ¶¶ 5, 22.) Upon information and belief, Michaels knew of the security breach prior to May 5, 2011. (*Id.* ¶ 22.) However, Michaels failed to take immediate action to prevent the further

---

[4] As noted in Section II (below), the factual allegations of the *Ramundo*, *Allen*, and *Siprut* complaints are substantially similar. Accordingly, Plaintiffs cite the factual allegations of only the *Ramundo* complaint in this section of their Joint Motion to Relate, Reassign, and Consolidate Cases.

dissemination of consumer financial information and theft of consumer bank account funds. (*Id.*)

When Michaels decided to take action, it failed to send the email Alert to all of its customers, and it did not otherwise pursue commercially reasonable measures to notify its customers about the security breach. (*Id.* ¶ 6.) Moreover, Michaels' email Alert failed to provide timely and clear notification to anyone about the nature and extent of the security breach, thereby preventing customers from taking meaningful, proactive steps to secure their financial data and bank accounts. (*Id.*) Worse yet, Michaels apparently expects its victimized consumers to bear the fallout from its security breach, thereby thrusting upon the consumers a continuous burden of monitoring their bank accounts and credit histories. (Ramundo Compl. ¶ 5.)

Plaintiffs Ramundo, Allen, and Siprut seek to represent a class defined as all persons residing in the United States who made an in-store purchase at a Michaels store in the United States using a debit or credit card that was swiped through a PIN pad at any time from January 1, 2011 through present (the "Class"). (*Id*. ¶ 24.) Their complaints assert several claims including claims for violation of the Federal Stored Communications Act, 18 U.S.C. §2702 (Count I), for violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.* (Count II), and for negligence (Count III), negligence per se (Count IV), and breach of implied contract (Count V).

## II.  ARGUMENT

A.  **The Court Should Relate The *Ramundo, Allen,* And *Siprut* Cases, Reassign The *Allen* And *Siprut* Cases To This Court, And Consolidate The Actions.**

Local Rule 40.4 provides that "two or more civil cases may be related if … the cases involve some of the same issues of fact," or "in class action suits, one or more of the classes involved in the cases is or are the same." The Local Rule also provides for reassignment of the

more recently filed case to the low numbered cases pending in the same court where: reassignment is "likely to result in substantial saving of judicial time and effort;" the earlier case has not progressed to the extent that reassignment would cause a delay of that case; and "the cases are susceptible of disposition in a single proceeding."

Similarly, pursuant to Fed. R. Civ. P. 42(a)(2), a court has the authority to consolidate separately captioned lawsuits into one case when the actions "involve a common question of law or fact." Trial courts have broad discretion under this rule to consolidate cases. *See U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Further, the decision to consolidate will not be reversed absent clear error. *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO BEFORE TRIAL (The Rutter Group 2010) (hereinafter "Rutter") § 16:151.

In exercising its discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970), and whether it would prejudice any party, *Knauer*, 149 F.2d at 519. This Court has recognized that class actions are particularly well-suited for consolidation because unification reduces case duplication, minimizes waste of time and other resources, and promotes consistency of results in similar cases. *See Sylverne v. Data Search N.Y., Inc.*, 2008 WL 4686163 at *2 (N.D. Ill. May 28, 2008) (ordering consolidation of seven consumer class action lawsuits alleging violations of the Fair Debt Collection Practice Act).

Here, the *Ramundo*, *Allen,* and *Siprut* actions involve substantially similar factual issues such that relation, reassignment, and consolidation would serve the interests of judicial economy. For example, the cases contain the following factual similarities:

- The cases name the same defendant: Michaels.

- Plaintiffs are individuals who made in-store debit card purchases from Michaels and thereby had their personal financial information "skimmed" from a PIN pad and their

5

      bank account funds stolen and/or are individuals who made in-store credit card purchases from Michaels and thereby had their personal financial information "skimmed" from a PIN pad.

- Michaels failed to employ commercially reasonable security measures to protect its customers debit and credit card information during in-store purchases using PIN pads.

- Michaels' failure to secure its customers debit and credit card information led to a security breach that exposed the financial data and/or bank account balances of Plaintiffs and other customers who shopped at 80 Michaels stores across 20 states between February 8, 2011 and May 6, 2011.

- Upon learning of the security breach, Michaels failed to take immediate action to prevent further dissemination of consumer financial information and/or theft of consumer bank account funds.

- Michaels failed to provide its customers with timely and clear notice about the nature and extent of the security breach, thereby preventing customers from taking steps to secure their own financial data and/or bank accounts.

Furthermore, the *Ramundo*, *Allen,* and *Siprut* cases allege substantially similar claims against Michaels. Finally, the cases are all recently filed and reassignment of the *Allen* and *Siprut* cases will not delay the proceedings in the *Ramundo* case.

      Accordingly, relation, reassignment, and consolidation of the above-captioned actions is appropriate here. To effectuate consolidation, plaintiffs Ramundo, Allen, and Siprut request that the *Allen,* and *Siprut* cases be reassigned to this Court and seek leave to file a consolidated complaint with the Court on or before thirty days from the date the Court enters an order consolidating the actions. Doing so will promote the expeditious resolution of pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings.[5] Such procedures will not only simplify the presentation of any issues desired to be raised by Defendant concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the

---

[5] Contemporaneously with the instant motion, Plaintiffs are also filing a Joint Motion for Appointment of Interim Class Counsel to further promote the progression of these proceedings.

resolution of such issues. Entry of the proposed order will therefore assist the Court by providing for the orderly, cost effective and timely prosecution of the cases.

### III.   CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs Ramundo, Allen, and Siprut respectfully request that the Court relate the above-captioned cases, reassign the *Allen* and *Siprut* cases to Your Honor, consolidate the cases, and permit the filing of a Consolidated Complaint no later than thirty days from the date the Court enters an order with respect to this motion.

Dated:  June 3, 2011

Respectfully submitted,

By:   */s/* Harry O. Channon
Harry O. Channon (ARDC#6282644)
Mark D. Belongia (ARDC#6269391)
**BELONGIA SHAPIRO & FRANKLIN LLP**
20 South Clark Street, Suite 300
Chicago, Illinois  60603
Telephone:  (312) 662-1030
Facsimile:  (312) 662-1040
hchannon@belongialaw.com
mbelongia@belongialaw.com

Scott A. Bursor
Joseph I. Marchese
**BURSOR & FISHER, P.A.**
369 Lexington Avenue, Floor 10
New York, New York  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
scott@bursor.com
jmarchese@bursor.com

*Counsel for Plaintiff Brandi F. Ramundo*

Katrina Carroll (ARDC#6291405)
**LITE DEPALMA GREENBERG, LLC**
One South Dearborn Street, Suite 1200
Chicago, Illinois  60603

Telephone: (312) 212-4383
Facsimile: (312) 212-5919
kcarroll@litedepalma.com

Anthony Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, Floor 10
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
avozzolo@faruqilaw.com
cmarlborough@faruqilaw.com

*Counsel for Plaintiff Mary Allen*

Adam J. Levitt (ARDC#06216433)
Edmund S. Aronowitz (ARDC#6304587)
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com
aronowitz@whafh.com

William J. Doyle
**DOYLE LOWTHER LLP**
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Telephone: (619) 573-1700
Facsimile: (619) 573-1701
bill@doylelowther.com

*Counsel for Plaintiff Kimberly M. Siprut*