**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>This Documents Relates to All Actions | Case No. 1:11-cv-03350<br><br>Honorable Charles P. Kocoras |

# PLAINTIFFS' SUMMARY OF
# THEIR MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Dated:** September 16, 2011

**TABLE OF CONTENTS**

Page(s)

**I.** INTRODUCTION 1

**II.** STATEMENT OF FACTS 1

**III.** ARGUMENT 1

    A. Plaintiffs Allege Actual Injuries And Compensable Damages ................................ 1

    B. Plaintiffs Sufficiently Plead Their ICFA Claim ......................................................... 4

    C. Plaintiffs' Breach of Implied Contract Claim Does Not Bar ICFA Claim .............. 5

    D. Michaels' Conduct Was Also Unfair Under the ICFA .............................................. 5

    E. Plaintiffs Adequately Alleged that Michaels' Notice was Statutorily Deficient under the Illinois Personal Information Privacy Act ............................................... 5

    F. Plaintiffs Sufficiently Plead Their Negligence Claim ............................................... 6

    G. The Economic Loss Rule Does Not Bar Plaintiffs' Negligence Claim ................... 7

    H. Plaintiffs Sufficiently Plead Their Negligence *Per Se* Claim .................................. 7

    I. Plaintiffs Sufficiently Plead Their Breach Of Implied Contract Claim ................... 8

    J. Plaintiffs Adequately Allege Michaels' Violations of the Stored Communications Act ............................................................................................................................... 9

**IV.** CONCLUSION 10

**TABLE OF AUTHORITIES**

Cases

*Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273 (S.D.N.Y. 2008) .................................................................................................................. 4

*Choi v. Chase Manhattan Mortg. Co.*, 63 F. Supp. 2d 874 (N.D. Ill. 1999) ................................ 7

*Cooney v. Chicago Public Schools*, 943 N.E.2d 23 (Ill. App. Ct 1st Dist. 2010).......................... 3

*Cuyler v. United States*, 362 F.3d 949 (7th Cir. Ill. 2004)................................................................ 8

*Daly v. Metropolitan Life Ins. Co.*, 782 N.Y.S.2d 530 (N.Y. Sup. Ct. 2004)................................ 2

*Devine v. Kapasi*, 729 F. Supp. 2d 1024 (N.D. Ill. 2010)................................................................ 9

*Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102 (N.D. Cal. 2010) ......................................................... 2

*Dundee Cement*, 712 F.2d 1166 (7th Cir. 1983).................................................................................. 7

*Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954 (N.D. Ill. 2008) .................................................... 3

*Guin v. Brazos Higher Educ. Servs. Corp.*, 05-668, 2006 U.S. Dist. LEXIS 4846 (Feb. 7, 2006)................................................................................................................ 4

*Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, 2010 U.S. Dist. LEXIS 71996 (S.D.N.Y June 25, 2010) ........................................................................ 4

*Harrison v. Dean Witter Reynolds, Inc.*, 715 F. Supp. 1425 (N.D. Ill. 1989) *aff'd in part, rev'd in part on other grounds*, 974 F.2d 873 (7th Cir. 1992)........................................ 7

*Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775 (W.D. Mich. 2006) ...................... 3

*Hinkle Eng'g, Inc. v. 175 Jackson LLC*, No. 01-C5078, 2001 WL 1246757 (N.D. Ill. Oct. 18, 2001)................................................................................................................ 7

*In re Hannaford Bros. Data Sec. Breach Litig.*, 613 F. Supp. 2d 108 (D. Maine 2009) ............................................................................................................ 4, 5, 8

*Jones v. Commerce Bancorp, Inc.*, No. 06 Civ. 835, 2006 U.S. Dist. LEXIS 32067 (S.D.N.Y. May 23, 2006)................................................................................................ 2

*Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705 (S.D. Ohio 2007) .................................. 3

*Katz v. Pershing, LLC*, No. 10-12227-RGS, 2011 WL 1113198 (D. Mass. Mar. 28, 2011) ......................................................................................................................... 3

*Kaufman v. Principal Connections, Ltd.*, No. 05-CV6782, 2006 U.S. Dist. LEXIS 71104 (S.D.N.Y. Sept. 27, 2006)................................................................................... 9

*Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (S.D. Ohio 2006) ............................................................ 3

*Kleebatt v. Bus. News Publ'g Co.*, 678 F. Supp. 698 (N.D. Ill. 1987).......................................... 7

*Krottner v. Starbucks Corp.*, 2009 WL 7382290, 2009 U.S. Dist. LEXIS 130634 (W.D. Wash. Aug. 14, 2009) ........................................................................................ 3

*McLoughlin v. People's United Bank, Inc.*, No. 3:08-cv-00944 (VLB), 2009 WL 2843269 (D. Conn. Aug. 31, 2009) .................................................................. 3

*Mutual Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601 (7th Cir. 2001) ........................ 7

*People v. Kozlowski*, 96 Cal. App. 4th 853 (2002) ....................................................................... 2

*Petrauskas v. Wexenthaller Realty Mgm't, Inc.*, 542 N.E.2d 902 (1st Dist. 1989) ....................... 6

*Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629 (7th Cir. 2007) ...................................................... 3

*Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793 (M.D. La. Nov. 7, 2007) .......................................... 3

*Resnick v. AvMed, Inc.*, 2011 WL 1303217 (S.D. Fla. Apr. 5, 2011) ........................................... 3

*Richardson v. DSW, Inc.*, 05 C 4599, 2006 U.S. Dist. LEXIS 1840 (N.D. Ill. Jan. 18, 2006) ............................................................................................................... 4, 5, 6

*Richardson v. DSW, Inc.*, Case No. 05 C 4599, 2005 U.S. Dist. LEXIS 26750 (N.D. Ill. Nov. 3, 2005) ............................................................................................................. 4

*Rowe v. Unicare Life and Health Ins. Co.*, 09-C-2206, 2010 U.S. Dist. LEXIS 1576 (N.D. Ill Jan. 5, 2010) ................................................................................................... 3

*Ruiz v. Gap, Inc.*, 380 Fed. Appx. 689 (9th Cir. Cal. 2010) .......................................................... 3

*Serfecz v. Jewel Food Stores, Inc.*, No. 92-C4171, 1998 WL 142427 (N.D. Ill. Mar. 26, 1998) ............................................................................................................... 7

*Shafran v. Harley-Davidson, Inc.*, No. 07 Civ. 01365 (GBD), 2008 WL 763177 (S.D.N.Y. Mar. 20, 2008) ........................................................................................................ 3

*Stollenwerk, et al. v. Tri-West Health Care Alliance*, 254 F. App'x. 664 (9th Cir. 2007) .................................................................................................................................... 2

*Zeldman v. Pershing LLC*, No. 1:09-cv-22609 (JAL) (S.D. Fla. Aug. 20, 2010) ......................... 3

<u>Statutes</u>

18 U.S.C. § 2702(a)(1) .................................................................................................................. 8

815 ILCS 505/1 .............................................................................................................................. 4

## I. INTRODUCTION

Plaintiffs Mary Allen, Kelly M. Maucieri, Brandi Ramundo, and Adrianna Sierra (collectively, "Plaintiffs"), by their undersigned counsel and pursuant to the Court's September 13, 2011 Minute Order (Dkt. No. 42), respectfully submit the following summary of *Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (Dkt. No. 41).

## II. STATEMENT OF FACTS

Plaintiffs brought this action on behalf of themselves and all consumers whose identity and personal financial information was compromised as a result of Michaels' lax security in eighty of its stores across the United States ("Class"). *See generally* Plaintiffs' Consolidated Amended Class Action Complaint ("CAC" or "Complaint"); *Id*. at ¶¶ 4, 45. To date, more than 1,000 individuals have had money taken from their bank accounts via Automatic Teller Machine withdrawals on the West Coast after swiping their debit or credit cards at Michaels. *Id.* at ¶ 45.

Adding insult to injury, Michaels also failed to alert Class members in a timely manner to this massive security breach. *Id.* at ¶ 60. Michaels' failure to provide prompt and adequate notice of the breach has prevented Class members from protecting their personal information from further abuse. *Id.* at ¶ 9.

## III. ARGUMENT

**A.      Plaintiffs Allege Actual Injuries And Compensable Damages[1]**

Notwithstanding Defendant's contrary contentions, Plaintiffs sufficiently plead damages and establish their concrete and compensable right to relief. First, Plaintiffs allege they suffered and continue to suffer compensable damages, including lost money, caused by Michaels' misconduct. *See, e.g.,* CAC ¶¶ 16-19, 101. Specifically, Plaintiffs allege that they and the other

---

[1] *See* Plaintiffs' Memorandum of Law in Opposition To Defendants' Motion to Dismiss ("Pls' Opp.") at 4-9 for a more detailed argument regarding this point.

Class members were damaged in that, as a result of Michaels' lax security, which enabled skimmers to obtain their personal financial information, they sustained monetary losses arising from unauthorized bank account withdrawals and/or related bank fees charged to Plaintiffs' accounts.[2]  *See* CAC ¶¶ 16-19.[3]

Second, Plaintiffs allege that they suffered and continue to suffer compensable damages from lost property as a result of Michaels' misconduct.  *See*, *e.g.*, CAC ¶¶ 101, 125.  Plaintiffs have a property right in the private information that was compromised and lost by Michaels' failure to provide adequate security.[4]  As a result, Plaintiffs suffered and will continue to suffer damages because of Michaels' failure to secure their private information, including "loss of their financial information." *See id.* at ¶ 125.[5]

Third, Plaintiffs allege compensable harm arising from the costs associated with identity theft and the increased risk of identity theft caused by Michaels' wrongful conduct.  Plaintiffs

---

[2] Michaels infers Plaintiffs did not have to pay any unauthorized charges, or that the unauthorized charges "remain unreimbursed."  Def.'s Mem. at 10.  Such an inference, however, is not supported by the Complaint's actual allegations.  *See*, *e.g.*, CAC ¶ 125.

[3] Other courts have upheld similar damages claims in analogous cases.  *See*, *e.g.*, *Stollenwerk, et al. v. Tri-West Health Care Alliance*, 254 F. App'x. 664, 667-68 (9th Cir. 2007) (reversing summary judgment as to negligence claim, holding that plaintiff established causal connection between wrongful conduct and the alleged damages); *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1111-14 (N.D. Cal. 2010) (on a motion for judgment on the pleadings, finding sufficient allegations of injury based on AOL's public disclosure of plaintiffs' confidential member information under particularized damages requirements for specific causes of action); *Jones v. Commerce Bancorp, Inc.*, No. 06 Civ. 835, 2006 U.S. Dist. LEXIS 32067, at *4-14 (S.D.N.Y. May 23, 2006) (denying motion to dismiss breach of fiduciary duty, negligence, and breach of contract claims notwithstanding plaintiff's concession that defendant credited stolen funds back to her account); *Daly v. Metropolitan Life Ins. Co.*, 782 N.Y.S.2d 530, 532, 535-36 (N.Y. Sup. Ct. 2004) (denying motion for summary judgment on negligence claim where janitor who cleaned defendant's offices illegally accessed plaintiff's confidential personal information and used same to fraudulently establish and use credit card accounts, and concluding that the damage analysis "is a question of fact for a jury to decide.").

[4] *See generally People v. Kozlowski*, 96 Cal. App. 4th 853, 866-67 (2002) (finding that a person's ATM PIN code constitutes valuable intangible property in the context of extortion).

[5] *See also Doe 1*, 719 F. Supp. 2d at 1111-12 (denying motion for judgment on the pleadings based on finding that plaintiffs were injured by public disclosure of their confidential information in violation of defendant's obligation to safeguard same).

allege numerous instances of actual identity theft that require credit monitoring services now and in the future. *See* CAC ¶¶ 110, 117, 125. Moreover, even in situations where a defendant merely exposes an individual's personal data and the plaintiff does not allege that anyone actually accessed the exposed information, Illinois law allows recovery of damages incurred to mitigate the increased risk of future harm.[6]

In opposing Plaintiffs' damage allegations, Michaels relies upon numerous distinguishable cases where the plaintiffs therein alleged damages based merely upon the availability or breach of their confidential information and attendant increased potential for risk of identity theft without any allegations of actual misuse.[7] To the extent that Michaels relies on

---

[6] *See Rowe v. Unicare Life and Health Ins. Co.*, 09-C-2206, 2010 U.S. Dist. LEXIS 1576, at *21-22 (N.D. Ill Jan. 5, 2010) ("[G]iven the fact that Illinois courts do allow plaintiffs to recover damages based on the increased risk of future harm, it is appropriate to allow present damages that are meant to mitigate that increased risk. . . . federal courts have accepted the increased risk of future harm as an injury and allowed for the recovery of future damages."). Defendant cites *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629 (7th Cir. 2007), for the proposition that time and money expended to detect or prevent identity theft is not a compensable injury. *See* Def. Mem. at 11. However, in *Rowe*, this District held that *Pisciotta* offered little guidance because it was decided under Indiana law which was contrary to Illinois law allowing recovery of damages based on the increased risk of future harm. 2010 WL 86391, at *7, 2010 U.S. Dist. LEXIS 1576 at 20-21.

[7] *See Cooney v. Chicago Public Schools*, 943 N.E.2d 23, 27 (Ill. App. Ct 1st Dist. 2010) (no allegation of actual misuse of personal information); *Katz v. Pershing, LLC*, No. 10-12227-RGS, 2011 WL 1113198, at *1 (D. Mass. Mar. 28, 2011) (plaintiff failed to allege that any of her nonpublic personal information had been lost, stolen, disclosed, or accessed by an unauthorized person); *Zeldman v. Pershing LLC*, No. 1:09-cv-22609 (JAL), Order at 4 (S.D. Fla. Aug. 20, 2010) (same in unpublished opinion); *McLoughlin v. People's United Bank, Inc.*, No. 3:08-cv-00944 (VLB), 2009 WL 2843269, at *4 (D. Conn. Aug. 31, 2009) (no allegation that plaintiffs' information was misused); *Shafran v. Harley-Davidson, Inc.*, No. 07 Civ. 01365 (GBD), 2008 WL 763177, at *1 (S.D.N.Y. Mar. 20, 2008) (same); *Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793, 796 (M.D. La. Nov. 7, 2007) (same); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 688 (S.D. Ohio 2006) (same); *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 777 (W.D. Mich. 2006) (same); *see also Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 958 (N.D. Ill. 2008) (dismissing case where "there is no allegation that the presence of lead in the lipstick had any observable economic consequences."); *see also See Resnick v. AvMed, Inc.*, 2011 WL 1303217, at *1 (S.D. Fla. Apr. 5, 2011) (no allegation that "theft of several laptops from Defendant's corporate headquarters" resulted in actual misuse of personal employee information); *Ruiz v. Gap, Inc.*, 380 Fed. Appx. 689, 690 (9th Cir. Cal. 2010); *Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705 (S.D. Ohio 2007) ("Plaintiff has admitted, that to her knowledge, no unauthorized use of her personal information has occurred. She has not been a victim of identity fraud since the theft, which occurred 20 months ago. . . Thus, any injury of Plaintiff is purely speculative."); *Krottner v. Starbucks Corp.*, 2009 WL 7382290, 2009 U.S. Dist. LEXIS 130634, at *27-28 (W.D. Wash. Aug. 14, 2009) (dismissing after laptop containing employee personal

3

Judge Hornby's opinion in *In re Hannaford Bros. Data Sec. Breach Litig.*, 613 F. Supp. 2d 108 (D. Maine 2009) to support its absence of injury argument, Judge Hornby specifically limited his opinion to then-current Maine law, concluding that "under current Maine law, consumers whose payment data are stolen can recover against the merchant only if the merchant's negligence caused a direct loss to the consumer's account" – a posture directly contrary to Illinois law, which allows recovery of damages incurred to mitigate the increased risk of future harm.[8]

B.  **Plaintiffs Sufficiently Plead Their ICFA Claim[9]**

Plaintiffs have sufficiently alleged all elements required to state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"). In *Richardson v. DSW*, Judge Manning held that allegations nearly analogous to Plaintiffs' allegations here stated a claim.[10] Here, Plaintiffs' facts are even more compelling than in

---

information where there was no proof of information misuse); *Guin v. Brazos Higher Educ. Servs. Corp.*, 05-668, 2006 U.S. Dist. LEXIS 4846 (D. Md. Feb. 7, 2006) (citing plaintiff's failure to establish a cognizable injury because there was no evidence that plaintiff's personal information was accessed by the thieves, plaintiff experienced no identity theft or other fraud as a result of the stolen information and no one else whose information was stolen had been the subject of identity theft to the defendant's knowledge); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 282 (S.D.N.Y. 2008) (same, and also noting "factors giving rise to a demonstrable basis for a serious concern over misuse may include evidence of the following: (1) the lack of any password-protection for use of the computer such that an unsophisticated user could boot the computer and immediately access the file; (2) that the person stealing the hard drive was motivated by a desire to access the data and had the capabilities to do so; or (3) actual access or misuse of information of the plaintiff or another person whose data was stored on the same hard drive."); *see also Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, 2010 U.S. Dist. LEXIS 71996, at *17-21 (S.D.N.Y June 25, 2010) (dismissing on summary judgment after plaintiffs could not link any misuse of personal information to defendant's loss of backup tapes containing personal information).

[8] *In re Hannaford*, 613 F. Supp. 2d at 136; *see also* note 5, *supra*.

[9] S*ee* Pls' Opp. at 9-16 for a more detailed argument.

[10] *See Richardson v. DSW, Inc.*, 05 C 4599, 2006 U.S. Dist. LEXIS 1840, at *4 (N.D. Ill. Jan. 18, 2006) ("*Richardson II*") (granting leave to amend ICFA cause of action dismissed in *Richardson v. DSW, Inc.*, Case No. 05 C 4599, 2005 U.S. Dist. LEXIS 26750 (N.D. Ill. Nov. 3, 2005) ("*Richardson I*") because "the benefit accruing from DSW's allegedly intentional [data security] corner-cutting to conserve costs is enough to satisfy the benefit prong" of the ICFA.).

*Richardson* because Plaintiffs in this case have actually had funds withdrawn from their bank accounts as a direct result of the security breach and Michaels' inadequate security practices.

C. **Plaintiffs' Breach of Implied Contract Claim Does Not Bar ICFA Claim**[11]

Since the contractual obligations between the parties do not arise out of an express contract, because Michaels denies any contractual obligation to implement reasonable and adequate data security measures, and because this case involves "more than the mere fact" that Michaels failed to fulfill its express contractual data security promises, Plaintiffs' breach of implied contract claim does not bar their ICFA claim.[12]

D. **Michaels' Conduct Was Also Unfair Under the ICFA**[13]

Plaintiffs' allegations concerning Michaels' cost-cutting on data security and the results thereof satisfy the Federal Trade Commission's "unfair practice" standard that is incorporated into the ICFA.[14]

E. **Plaintiffs Adequately Allege That Michaels' Notice Was Statutorily Deficient Under The Illinois Personal Information Privacy Act**[15]

Plaintiffs adequately allege that the timing, manner, and content of Michaels' notice was deficient under the Illinois Personal Information Protection Act, 815 Ill. Comp. Stat. 530/10 *et*

---

[11] S*ee* Pls' Opp. at 12-13 for a more detailed argument.

[12] *See Richardson II*, 2006 U.S. Dist. LEXIS 1840, at *8 (allowing concurrent ICFA and breach of implied contract claims and explicitly rejecting applicability of *Zankle v. Queen Anne Landscaping*, 724 N.E.2d 988, 993 (Ill. App. Ct. 2d Dist. 2000) as plaintiff's "injury is based on illegal activity (the hacking) flowing from a breach of contract" and Plaintiff "is not basing her CFA claim solely on DSW's alleged breach of the contracts between DSW and the credit card companies").

[13] S*ee* Pls' Opp. at 13-16 for a more detailed argument.

[14] *See Amerifirst Bank v. TJX Cos. (In re TJX Cos. Retail Sec. Breach Litig.*), 564 F.3d 489, 496 (1st Cir. 2009) (noting court may consider lax data security unfair practice); *In re Hannaford Bros.*, 613 F. Supp. 2d at 130 (noting FTC "complaints 'charging companies with security deficiencies in protecting sensitive consumer information'" as unfair practices) (footnote omitted). Moreover, Michaels puzzlingly suggests that because there is no private right of action under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), acts that would violate the FTCA cannot form the basis of an ICFA cause of action, see Def. Mem. at 16. That suggestion is contradicted by the plain language of Section 2 of the ICFA.

[15] S*ee* Pls' Opp. at 16-18 for a more detailed argument.

5

*seq*. ("PIPA"). The matter of when Michaels actually knew of the data breach is a contested issue of fact for discovery. Michaels provided notice only to a small subset of affected Illinois residents following public reports of the breach. Michaels was not entitled to provide substitute notice pursuant to 815 Ill. Comp. Stat. 530/10(c)(3). And the content of Michaels' notice was insufficient because a data collector must disclose "*that there has been* a breach of the security of the system data" while Michaels repeatedly stated that there "may have been" a data breach. CAC ¶ 57.

### F.     Plaintiffs Sufficiently Plead Their Negligence Claim[16]

Plaintiffs have sufficiently pleaded their negligence claim by alleging that Michaels had a duty to act responsibly – including following industry standards – to protect Class members' sensitive personal and financial information, CAC ¶¶ 7, 26, 33, 37, 44; that Michaels' inadequate security measures constitute a breach of that duty, CAC ¶¶ 51-53; that Michaels' inadequate security was a proximate cause of the security breach[17]; and that as a result of Michaels' negligence, Plaintiffs were damaged, CAC ¶¶ 51-53, 104-11. Given the spate of data breaches in recent years, the harm from inadequate data security is plainly foreseeable. Furthermore, because Michaels, and not consumers, controls the implementation of data security measures, the burden of preventing injuries caused by inadequate data security properly falls on Michaels.

---

[16] S*ee* Pls' Opp. at 18-20 for a more detailed argument.

[17] *See Petrauskas v. Wexenthaller Realty Mgm't, Inc.*, 542 N.E.2d 902, 909 (1st Dist. 1989) (when criminal conduct is reasonably foreseeable, "the causal chain is not necessarily broken" by criminal intervention between a defendant's ICFA violation and a plaintiff's injury) (internal citations omitted); s*ee also Richardson II*, 2006 U.S. Dist. LEXIS 1840, at *7 ("Given the procedural posture of this case, the court cannot find that the hacking incident was unforeseeable as a matter of law, so Richardson's new allegations support a cause of action based on the CFA.").

**G.     The Economic Loss Rule Does Not Bar Plaintiffs' Negligence Claim[18]**

The economic loss rule does not bar Plaintiffs' negligence claim because Michaels is alleged to have breached a duty owed independent of any contractual obligation or warranty[19]; because Plaintiffs and the other Class members were unprotected parties, not in express contractual privity with Michaels and without the ability to negotiate the adequacy of Michaels' data security practices that sustained damages resulting from Michaels' mishandling of their sensitive personal and financial information[20]; and because Plaintiffs allegations of Michaels' "willful[]" conduct, CAC ¶¶ 93-94, and its "reckless indifference toward the rights of others," CAC ¶ 102, render the economic loss rule inapplicable here.[21]

**H.     Plaintiffs Sufficiently Plead Their Negligence *Per Se* Claim[22]**

Given that Plaintiffs have alleged sufficient facts to show Michaels' violation of the SCA, ICFA, FTCA, and PIPA, as demonstrated above, all of which were designed to protect

---

[18] S*ee* Pls' Opp. at 20-22 for a more detailed argument.

[19] *See Hinkle Eng'g, Inc. v. 175 Jackson LLC*, No. 01-C5078, 2001 WL 1246757, at *3 (N.D. Ill. Oct. 18, 2001); *Serfecz v. Jewel Food Stores, Inc.*, No. 92-C4171, 1998 WL 142427, at *2-5 (N.D. Ill. Mar. 26, 1998) (duty not to commit waste arose independent of contract); *see also Mutual Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 617-18 (7th Cir. 2001) (where breach of duty arises outside of contract in Illinois, economic loss rule does not bar recovery in tort); *Harrison v. Dean Witter Reynolds, Inc.*, 715 F. Supp. 1425, 1433 (N.D. Ill. 1989) ("the [Illinois Supreme] Court never actually has ruled that the [economic loss] doctrine extends to cases in which the defendant has extra-contractual duties"), *aff'd in part, rev'd in part on other grounds*, 974 F.2d 873 (7th Cir. 1992); *see also Choi v. Chase Manhattan Mortg. Co.*, 63 F. Supp. 2d 874, 884 (N.D. Ill. 1999) ("'Tort law . . . applies in situations where society recognizes a duty to exist wholly apart from any contractual undertaking'") (citation omitted).

[20] *See also Hinkle Eng'g, Inc.*, 2001 WL 1246757, at *3; *Serfecz*, 1998 WL 142427, at *2-5.

[21] *See Dundee Cement*, 712 F.2d 1166, 1170 (7th Cir. 1983) (economic loss rule inapplicable where plaintiff alleges intentional harm); *Kleebatt v. Bus. News Publ'g Co.*, 678 F. Supp. 698, 702-03 (N.D. Ill. 1987) (economic loss risk inapplicable to willful and wanton misconduct claim where "plaintiffs' 'commercial expectations' were irrelevant" and where the defendants acted recklessly and intentionally).

[22] S*ee* Pls' Opp. at 22-23 for a more detailed argument.

consumers like Plaintiffs from the type of harm that occurred here, Plaintiffs have sufficiently pled their negligence per se claim.[23]

I. **Plaintiffs Sufficiently Plead Their Breach Of Implied Contract Claim[24]**

In any credit or debit card transaction, there are contractual obligations implied between the parties and the terms of that implied contract, based on the parties' beliefs, are procedurally incapable of resolution on Michaels' motion to dismiss.[25] In this case, Michaels offered to accept credit and debit cards swiped through PIN Pads in Michaels Stores from customers as a form of payment; Plaintiffs accepted Michaels' offer by swiping their cards through Michaels' PIN pads, consideration of payment and merchandise was exchanged between the parties; and, as Plaintiffs allege, Michaels and Plaintiffs mutually agreed that Michaels would handle Plaintiffs' credit and debit card information reasonably. *See, e.g.,* CAC ¶¶ 2, 16-19, 21-22, 26-38, 62-63, 118-125.

---

[23] *See Cuyler v. United States*, 362 F.3d 949, 952 (7th Cir. Ill. 2004) ("The doctrine of negligence *per se* . . . provides that where a cause of action does exist at common law, the standard of conduct to which a defendant will be held may be defined as that required by statute, rather than as the usual reasonable person standard. . . . [A]n accurate statement of Illinois law is that in Illinois the violation of a statutory standard of care is prima facie evidence of negligence rather than negligence *per se*.") (citations and quotations omitted).

[24] S*ee* Pls' Opp. at 23-24 for a more detailed argument.

[25] *See Richardson I*, at *6 ("The court thus disagrees with DSW's claim that its acceptance of non-cash methods of payment does not lead to the creation of some sort of contractual relationship between DSW and its customers. The contours of this relationship are unclear at this point in the proceedings, but the basic fact remains that DSW and its non-cash paying customers have a contractual relationship . . " and whether the merchant and consumer had a meeting of the minds as to the terms of their implied contract "is not an appropriate argument to raise at the motion to dismiss stage as the court cannot make any findings of fact as to what the parties did or did not believe."); *see also Hannaford*, 613 F. Supp. 2d at 119 ("when a customer tenders a credit card to a merchant, it is an implied element of that transaction that "the merchant will not use the card for other people's purchases, will not sell or give the data to others (except in completing the payment process), *and will take reasonable measures to protect the information (which might include meeting industry standards*), on the basis that these are implied commitments[.]") (emphasis in original, footnote omitted).

8

**J.     Plaintiffs Adequately Allege Michaels' Violations of the Stored Communications Act[26]**

Plaintiffs' allegations satisfy each of the relevant requirements of the SCA. Michaels provides an "electronic communications service to the public," as provided in 18 U.S.C. § 2702(a)(1), because it provides consumers at large with credit and debit card payment processing capability that enables customers who purchase merchandise at Michaels to send or receive wire or electronic communications concerning their account data and PINs to transaction managers, card companies or banks. *See* CAC ¶ 78.[27] Additionally or alternatively, Michaels provides remote computing services to the public through its payment processing equipment, including its PIN pad terminals, because such equipment is used for the electronic storage and remote processing of customer payment card information during the payment verification process. CAC ¶¶ 81-84. Plaintiffs further allege that Michaels knowingly violated the SCA because Michaels knew its security measures failed to comply with its known contractual obligations and industry standards, Michaels knew the risks of failing to do so, and Michaels breached those obligations in order to cut costs. CAC ¶ 52. And, in this case, Class members' debit and credit card information, their PINs and other information from the magnetic stripe are the "contents" of the electronic communications at issue. Finally, Plaintiffs are entitled to statutory damages under the SCA, and have adequately alleged actual injury and compensable damages as demonstrated above.

---

[26] S*ee* Pls' Opp. at 25-32 for a more detailed argument.

[27] *See also Devine v. Kapasi*, 729 F. Supp. 2d 1024, 1026-1027 (N.D. Ill. 2010) (a network that provides authorized users with the ability to send and receive electronic communications through password-protected accounts is an electronic communications service); *Kaufman v. Principal Connections, Ltd.*, No. 05-CV6782, 2006 U.S. Dist. LEXIS 71104, at *19-20 (S.D.N.Y. Sept. 27, 2006) (an online business which provides its customers with the means to engage in private communications with third parties may constitute an electronic communications service).

## IV.   CONCLUSION

For the reasons set forth above, and for the reasons set forth in their *Memorandum of Law in Opposition to Defendant's Motion to Dismiss*, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety.

**Dated:**  September 16, 2011

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**

By:   /s/ Adam J. Levitt
Adam J. Levitt (ARDC#06216433)
Edmund S. Aronowitz (ARDC#6304587)
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel: 312-984-0000
Fax: 312-984-0001
levitt@whafh.com
aronowitz@whafh.com

Scott A. Bursor (*pro hac vice*)
Joseph I. Marchese (*pro hac vice*)
**BURSOR & FISHER, P.A.**
369 Lexington Avenue, 10th Floor
New York, New York  10017
Tel: 212-983-9113
Fax: 212-983-9163
scott@bursor.com
jmarchese@bursor.com

Anthony Vozzolo (*pro hac vice*)
Christopher Marlborough (*pro hac vice*)
**FARUQI & FARUQI, LLP**
369 Lexington Ave., 10th Floor
New York, New York  10017
Tel: 212-983-9330
Fax: 212-983-9331
avozzolo@faruqilaw.com
cmarlborough@faruqilaw.com

*Plaintiffs' Interim Class Counsel*

Harry O. Channon (ARDC#6282644)
Mark D. Belongia (ARDC#6269391)
**BELONGIA SHAPIRO & FRANKLIN LLP**
20 South Clark Street, Suite 300
Chicago, Illinois 60603
Telephone: (312) 662-1030
Facsimile: (312) 662-1040
hchannon@belongialaw.com
mbelongia@belongialaw.com

William J. Doyle
**DOYLE LOWTHER LLP**
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Telephone: (619) 573-1700
Facsimile: (619) 573-1701
bill@doylelowther.com

Katrina Carroll (ARDC#6291405)
**LITE DEPALMA GREENBERG, LLC**
One South Dearborn Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 212-4383
Facsimile: (312) 212-5919
kcarroll@litedepalma.com

Joseph J. Siprut (ARDC#6279813)
**SIPRUT PC**
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 588-1440
Facsimile: (312) 427-1850
jsiprut@siprut.com

Daniel A. Edelman (ARDC#00712094)
Cathleen M. Combs (ARDC#0047284)
James O. Latturner (ARDC#00472840)
Catherine A. Ceko (ARDC#6296053)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com

11

ccombs@edcombs.com
jlatturner@edcombs.com
cceko@edcombs.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, Edmund S. Aronowitz, an attorney of record in this case, hereby certify that on September 16, 2011, the foregoing ***Plaintiffs' Summary of Their Memorandum of Law in Opposition to Defendant's Motion to Dismiss*** was filed electronically on the Court's CM/ECF system and thereby served electronically on the parties that have appeared in this action.

                                                      By: __/s/ Edmund S. Aronowitz___