# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION | Case No. 1:11-cv-03350 |
| | <u>CLASS ACTION</u> |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | Honorable Charles P. Kocoras |
| This Documents Relates to All Actions | |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

This Class Action Settlement Agreement (hereinafter "Settlement Agreement" or "Stipulation") is entered into this 7th day of December, 2012, by and between Defendant Michaels Stores, Inc. ("Michaels") and the consolidated class representative plaintiffs ("Plaintiffs" or "Settlement Class Representatives"), in their individual and representative capacities, each of the foregoing parties acting by and through their respective counsel. By this Stipulation, subject to Court approval, Michaels and Plaintiffs intend to fully, finally, and forever compromise, release, resolve, discharge, and settle the released claims subject to the terms and conditions set forth in this Stipulation.

## RECITALS

1.      There is currently pending in the United States District Court for the Northern District of Illinois, Eastern Division, a Lawsuit styled *In re Michaels Stores Pin Pad Litigation,* No. 1:11-cv-03350, concerning Michaels' alleged wrongdoing arising from unauthorized and criminal PIN pad tampering at certain Michaels stores between January 1, 2011 and May 12, 2011. This Lawsuit is the consolidation of seven separate lawsuits filed against Michaels, each of which makes substantially identical allegations, and each of which is pending in the United

States District Court for the Northern District of Illinois. It is the intent of the parties that this Settlement Agreement encompass all cases listed in Paragraph 9(a), below.

2. Michaels denies all allegations of wrongdoing alleged in the Lawsuit, specifically denies all liability to Plaintiffs and the other members of the below-defined Settlement Class, and maintains that its actions have been lawful and proper in all respects. Michaels denies not only the specific allegations asserted in the Lawsuit, but also contends that it has not violated any right of Plaintiffs and/or the other members of the below-defined Settlement Class or caused anyone any actual damages. Michaels intends to continue with a vigorous defense of this Litigation in the event this Stipulation is not approved by the Court.

3. Michaels and Plaintiffs, on behalf of themselves and the other members of the Settlement Class, negotiated and reached this Stipulation after extensive review of the underlying facts, extensive consultation with experts and industry personnel, exchanges of information, and months of arm's length, good faith negotiations, including a mediation with the late Hon. Nicholas H. Politan.

4. Based upon their discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, the parties have agreed to settle the Lawsuit pursuant to the provisions of this Stipulation. In so doing, the parties have considered the terms of this Stipulation, the numerous risks of continued litigation, and other factors, including but not limited to the following:

      a.    the substantial benefits Michaels is making available to Plaintiffs and the other Settlement Class Members under the terms of this Stipulation;

      b.    the expense and length of time necessary to prosecute the Lawsuit through trial;

      c.    the uncertainty of outcome at trial and the possibility of an appeal by either side following the trial;

        d.      the possibility that a contested class might or might not be certified, and if certified, the possibility that such certification would be reversed on appeal; and

        e.      the fact that the parties would file their respective summary judgment motions which, if granted, would be dispositive of the parties' respective legal rights and remedies.

5.     Michaels represents that the following steps have been taken with respect to PIN Pad security since the Compromise:

        a.      Michaels has been deemed PCI compliant by its outside qualified security assessor for 2010 and 2011;

        b.      In response to the Compromise, Michaels removed PIN Pads of the model type that had been compromised within thirty days of learning of the Compromise;

        c.      Michaels replaced those PIN Pads and currently has PIN Pads in its U.S. stores that have been certified as compliant with PCI PTS (PIN Transaction Security) standards with a sunset date of no earlier than 2014;

        d.      Michaels intends to process payment cards in its stores pursuant to, and in compliance with, applicable industry standards.

6.     Weighing the above considerations, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the parties are satisfied that the terms and conditions of this Stipulation are fair, reasonable, adequate, and in their respective best interests.

7.     Michaels expressly disclaims any liability or any wrongdoing of any kind whatsoever.  Nevertheless, Michaels considers it desirable that this Lawsuit be resolved upon the terms and conditions set forth in this Stipulation in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to put to rest and to obtain its peace, forever, from all claims that have been, or might have been, asserted by

3

Plaintiffs, or any other member of the Settlement Class, arising out of or related to the claims asserted in the Lawsuit, in the manner set forth in the below-defined release.

8.      This Stipulation provides for relief to the proposed Settlement Class by, among other things, requiring Michaels to create a fund to pay (a) Unreimbursed Claims, as defined herein, of Settlement Class Members, (b) a term of credit monitoring at the request of Settlement Class Members, and an extended term of credit monitoring if requested by Settlement Class Members who also have Unreimbursed Claims and/or suffered Fraudulent Charges, (c) settlement administration costs (including Settlement Notice), and (d) Plaintiffs' litigation costs and reasonable expenses up to one hundred thousand dollars ($100,000.00).  This Class Relief is set forth in detail below.

## TERMS OF SETTLEMENT

9.      **Definitions**.  As used in this Stipulation and the annexed exhibits (which are an integral part of this Stipulation and are incorporated in their entirety by reference), the following terms and phrases have the following meanings, unless a section or subsection of this Stipulation or its exhibits provides otherwise.  Unless otherwise indicated, defined terms include the plural as well as the singular.

a.      "Action," "Lawsuit," or "Lawsuits" shall mean the consolidated Lawsuit styled *In re Michaels Stores Pin Pad Litigation,* No. 1:11-cv-03350, which is comprised of the following seven individual lawsuits:

i.      *Brandi F. Ramundo v. Michaels Stores, Inc.,* No. 1:11-cv-3350;

ii.      *Mary Allen v. Michaels Stores, Inc.,* No. 1:11-cv-3579;

iii.      *Kimberly M. Siprut v. Michaels Stores, Inc.,* No. 1:11-cv-3725;

iv.      *Jeremy Williams v. Michaels Stores, Inc.,* No. 1:11-cv-3883.

4

       v.       *Fred Sherry v. Michaels Stores, Inc.,* No. 1:11-cv-5900;

      vi.      *Sara Rosenfeld and Ilana Soffer v. Michaels Stores, Inc.,* No. 1:11-cv-6335;

     vii.      *Lori Wilson v. Michaels Stores, Inc.,* No. 1:12-cv-1863.

b.      "Claim Period" means the time period in which Class Members may submit a Claim Form (in the form of Exhibit D attached hereto and as approved by the Court) to the Settlement Administrator. The Claim Period shall run for 135 days from the date of the first dissemination of the Settlement Notice.

c.      "Class Period" shall mean January 1, 2011 to May 12, 2011.

d.      "Compromise" shall mean the unauthorized and criminal PIN Pad tampering at certain Michaels stores between January 1, 2011 and May 12, 2011. The specific Michaels stores locations that contained Tampered PIN Pad Terminals, and were involved in the Compromise, are listed in Exhibit E hereto.

e.      "Court" shall mean the United States District Court for the Northern District of Illinois, Eastern Division.

f.      "Defendant" shall mean Michaels Stores, Inc.

g.      "Defense Counsel" shall mean Hunton & Williams LLP, including Neil K. Gilman and John J. Delionado, and Seyfarth Shaw LLP, including Jeffrey P. Swatzell.

h.      "Final Approval" of this Stipulation means the last date by which all of the following have occurred:

       i.      The Court has issued a "Final Order" substantially in the form of Exhibit B attached hereto, without any modification objected to by Plaintiffs or Michaels (any such objection must, in good faith, be determined to be material by the party asserting the

5

objection), finally approving the settlement, and dismissing, with prejudice, all claims against Michaels; and

      ii.    either (a) thirty (30) days have passed from the entry of the Final Order referenced in 9(h)(i) of this Stipulation and no appeal is filed; or (b) fourteen (14) days have passed from final dismissal of any appeal of the Final Order referenced in 9(h)(i) of this Stipulation, or final dismissal of any proceeding or denial of *certiorari* to review that Final Order, or final affirmance of the Final Order on appeal and the time for any further appeals or petitions has expired.

      i.    "Final Approval Hearing" or "Fairness Hearing" shall mean the hearing held by the Court at which the Court will consider evidence and argument for the purposes of determining whether the Settlement in this Stipulation should be finally approved, whether all claims against Michaels should be dismissed, with prejudice, and whether a final judgment should be entered.

      j.    "Final Order" shall mean the final order approving this Stipulation, and dismissing, with prejudice, and releasing all claims in the Lawsuit against Michaels, to be entered by the Court pursuant to this Stipulation and incorporating the terms of this Stipulation.

      k.    "Fraudulent Charges" shall mean any unauthorized charges or withdrawals from any bank account or other account connected to a Payment Card used at one of the Tampered PIN Pad Terminals as a result of the Compromise that is claimed and shown by the Settlement Class Member to have occurred as a result of the Compromise.

      l.    "Michaels" shall mean Michaels Stores, Inc.

      m.    "Payment Card" shall mean an account used to make a transaction at Michaels during the Class Period, including those accounts that bear the logo of the founding

members of the PCI Security Standards Council, which are American Express, Discover Financial Services, JCB International, MasterCard Worldwide, and/or Visa, Inc.

n.      "Plaintiffs" and "Settlement Class Representatives" shall mean Mary Allen, Kelly M. Maucieri, Brandi Ramundo, Adrianna Sierra, Fred Sherry, Sara Rosenfeld, Ilana Sofer, Lori Wilson, Jeremy Williams, and Kimberly M. Siprut.

o.      "Plaintiffs' Claims" and "Settlement Class Members' Claims" shall mean any and all claims, demands, actions, and causes of action, of any kind or nature whatsoever, known or unknown, direct or consequential, foreseen or unforeseen, developed or undeveloped, arising under federal, state, or local law, including but not limited to the Stored Communications Act, 18 U.S.C. § 2702, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.,* the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, negligence, negligence *per se,* breach of contract, and breach of implied contract, that arose through the time of Final Approval, that were raised or could have been raised, and that relate in any way to the Compromise at issue in this Action.

p.      "Preliminary Approval" shall mean the issuance of an order, as described in Paragraph 11, below, by the Court preliminarily approving this Stipulation, and authorizing the distribution of the Settlement Notice to the Settlement Class Members, as described in Paragraph 12, below.

q.      "Release" means the agreement to release claims as described in Paragraph 18, below.

r.      "Released Claims" shall mean any and all claims or other matters described in Paragraph 18, below.

s.	"Released Parties" means Defendant, as well as all of Defendant's past and present successors, subsidiaries, investors, shareholders, sister and affiliated companies, parent companies, holding companies, divisions and other related entities, corporate predecessors, insurers, reinsurers, assigns, agents, employees, officers, directors, representatives, partners, attorneys, vendors, accountants, auditors, consultants, fiduciaries, principals, heirs, administrators, assigns, and representatives, and/or their agents, representatives, attorneys, vendors, accountants, auditors, consultants, fiduciaries, predecessors, successors, heirs, and assigns, as well as any persons acting by, through, under or in concert with any of these persons or entities.

t.	"Settlement" means the agreement to settle this Lawsuit, as evidenced by this Stipulation.

u.	"Settlement Administrator" shall mean Epiq Systems, Inc.

v.	"Settlement Class," "Settlement Class Members," or "Class Members" shall mean all customers who purchased items at a Michaels store location from January 1, 2011 to May 12, 2011, whose Payment Card was swiped on one of the Tampered PIN Pad Terminals. The specific Michaels stores locations that contained Tampered PIN Pad Terminals, and were involved in the Compromise, are listed in Exhibit E hereto. Excluded from the "Settlement Class," "Settlement Class Members," or "Class Members" are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also excluded are any individuals or entities who "opt out" by complying with the Procedure For Opting-Out Of Class in Paragraph 13 of this Stipulation, below.

8

w.     "Settlement Class Counsel" shall mean Plaintiffs' Interim Class Counsel: Adam J. Levitt, Scott A. Bursor, and Anthony Vozzolo.

x.     "Settlement Notice" shall mean the notices described in Paragraph 12(a), below, and in the form of Exhibit C hereto (which is incorporated herein), but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court, and which is to be provided to the Settlement Class Members pursuant to Paragraph 12(a) of this Stipulation.

y.     "Skimmers" shall mean those individuals who are responsible for the unauthorized and criminal PIN Pad tampering at certain Michaels stores between January 1, 2011 and May 12, 2011.

z.     "Stipulation," "Agreement," or "Settlement Agreement" shall mean this Class Action Settlement Agreement, including the exhibits referenced herein.

aa.     "Tampered PIN Pad Terminals" shall mean those PIN Pads that were involved in the Compromise.  A PIN Pad shall only be considered a Tampered PIN Pad Terminal from the time that specific PIN Pad was altered by the Skimmers;

bb.     "Unreimbursed Claims" shall mean any actual and unreimbursed out-of-pocket monetary loss from any bank account or other account connected to a Payment Card used at one of the Tampered PIN Pad Terminals, any unreimbursed overdraft, late fee or insufficient funds fees paid which Settlement Class Members sustained directly as a result of having money withdrawn from their bank accounts by the Skimmers (or those associated with them) or any charged and unreimbursed card replacement fee following the Compromise.

10.     **Certification Of Class**.  For purposes of this Stipulation only, the parties hereto hereby stipulate to certification of the Settlement Class pursuant to Federal Rule of Civil

9

Procedure 23(b)(3). Plaintiffs, on behalf of themselves and the other members of the Settlement Class, by and through Settlement Class Counsel, acknowledge and agree that, in the event this Stipulation is not given Preliminary Approval and Final Approval by the Court, Michaels has not waived, and has expressly reserved, the right to oppose and seek Fed. R. Civ. P. 23(f) appeal of any litigation class certification in this Lawsuit. Nothing in this Stipulation may be used in any judicial or administrative proceeding respecting the propriety of class certification other than for purposes of effectuating this Stipulation. The Court's certification of the Settlement Class is not and shall not be deemed to be the adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Stipulation and shall not be considered as law of the case, *res judicata,* or collateral estoppel in this or any other proceeding unless the Final Order approving the terms of this Stipulation is entered and the Stipulation receives Final Approval. In no circumstances is this Stipulation, any documents, affidavits, or submissions in support of this Stipulation, or any Court order or action in this Lawsuit to be deemed an admission by Michaels as to the propriety of class certification for any purpose other than this Stipulation. In the event this Stipulation is not given Final Approval by the Court for any reason, is materially modified in any fashion by the Court (including revisions to the Exhibits hereto, unless Plaintiffs and Michaels agree to such modification), or is otherwise terminated for any reason, or if any objection to this Stipulation by a Settlement Class Member is sustained, then unless Plaintiffs and Michaels otherwise thereafter agree: (1) this Stipulation becomes null and void; (2) any Preliminary Approval order shall be null and void and shall be vacated and thereafter no class will remain certified; and (3) this Lawsuit shall revert to its status held prior to the signing of this Stipulation.

11.     **Presentation Of Settlement To The Court**.   As soon as practicable after executing this Stipulation, Settlement Class Counsel and Defense Counsel shall submit this Stipulation to the Court along with a proposed order in the form of Exhibit A hereto that shall (1) incorporate the terms of this Stipulation; (2) approve Plaintiffs' counsel as Settlement Class Counsel for the Settlement Class; (3) grant Preliminary Approval of this Stipulation; (4) stay all ongoing and future discovery in the Lawsuit; (5) enjoin any further actions by or on behalf of Settlement Class Members relating to the subject matter of this Stipulation; (6) approve the form and content of the Settlement Notice and the plan for distribution of the Settlement Notice and direct that the Settlement Notice be distributed to the Settlement Class Members in accordance with that plan of distribution described in paragraph 12(a), below; (7) establish procedures for the submission of objections by Settlement Class Members; and (8) set the date for a Fairness Hearing to consider whether this Stipulation should be given Final Approval.

12.     **Notices of Settlement**.

a.     **To Settlement Class Members**.   The parties agree that the Settlement Notice provided for in this Paragraph is the best notice practicable under the circumstances, will apprise Class Members of the pendency of this Lawsuit, and afford them an opportunity to opt out of or present any objections to this Stipulation, and complies with the due process requirements of the United States Constitution.   Due to the geographic breadth of the stores involved, the Settlement Notice will consist of a quarter-page black and white ad to run two times in the Monday through Thursday editions of *USA Today* with circulation in the areas of the stores at which the Compromise occurred.   Within twenty-one (21) days of Preliminary Approval, the Settlement Administrator shall also create a website where potential Class Members can obtain a more detailed Settlement Notice and that will provide more

comprehensive settlement information, including a list of stores at which the Compromise occurred.  Further, Michaels will provide a visible link, prominently featured on the front page of the www.Michaels.com website, to the settlement website created by the Settlement Administrator.  Michaels will also provide summary notification of the Stipulation on receipts in the eighty-six (86) affected stores for ninety (90) consecutive days, commencing not later than thirty (30) days following the date of Preliminary Approval.  In the event that Michaels notifies Settlement Class Counsel that it cannot comply with this deadline, Michaels will be provided additional time to implement receipt notice, but in no event shall the receipt notice provision be implemented later than January 10, 2013 (unless that date is less than thirty (30) days after Preliminary Approval).  The store receipt notification will include the following language:

Michaels Data Breach Class Action Settlement

(for more information, please go to www._____.com)

Michaels has settled a lawsuit that alleged certain of its customers suffered damages as a result of a data breach at selected Michaels stores between January 1, 2011 and May 12, 2011.  Michaels denies all of the claims.

You are included in the class if you shopped in this Michaels store or in other selected Michaels stores during that period and your Payment Card was swiped on a PIN Pad terminal from which credit or debit card information was stolen.  A complete list of affected Michaels stores can be found at www._____.com.

Customers whose credit or debit card information was stolen may receive monetary payment for documented unreimbursed monetary damages and/or credit monitoring services.  To request such relief, you must submit a claim form postmarked by _____, 2013.

Unless you exclude yourself from the class by _____, 2013, you will give up the right to ever sue Michaels about the legal claims the settlement resolves.  If you stay in the class, you may object to the settlement by _____, 2013.

12

> The Court will hold a hearing on _____, 2013, to consider whether to approve the settlement and payment of attorneys' fees and expenses. You may ask to appear and speak at the hearing.
>
> For more information about the settlement, including how to receive benefits, exclude yourself or object, go to www._____.com or call _____.

Michaels shall further provide notice in the form listed above to be posted in the eighty-six (86) affected stores for ninety (90) consecutive days, commencing not later than thirty (30) days following the date of Preliminary Approval.

      b.      **Class Action Fairness Act**.  Michaels shall cause notice of the proposed Settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials within the time period required by CAFA.  Michaels shall file with the Court a certification stating the date(s) on which the CAFA notices were sent.

      13.      **Procedure For Opting-Out Of Class**

      a.      Any Settlement Class Member who does not wish to participate in this Settlement must write to Settlement Class Counsel and Defense Counsel stating an intention to "opt-out" of the class.  This written notice must be received by Settlement Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice at least thirty (30) days before the date set for the Fairness Hearing.

      b.      Any attempted opt-out by notice to the Clerk of the Court, the Court, or any person other than the Settlement Class Counsel and Defense Counsel shall be of no effect.

      c.      Any objector who timely submits an objection as set forth in Paragraph 14 below, but does not file written notice of opting-out shall not be considered to have complied

with the terms of the opt-out procedure and shall be bound by the Stipulation if approved by the Court.

14. **Procedures For Presenting Objections**. Settlement Class Members shall have the right to appear and show cause, if they have any, why the terms of this Stipulation should not be given Final Approval by the Court.

a. Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice, no later than thirty (30) days before the Fairness Hearing.

b. Settlement Class Members may object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served thirty (30) days before the Fairness Hearing.

c. Any objection regarding or related to the Stipulation or Settlement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Michaels Stores PIN Pad Litigation* (No. 1:11-cv-03350)"; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, telephone number, email address, and the contact information for any attorney retained by the Settlement Class Member in connection with the objection, and shall also contain a completed copy of the Claim Form regardless of whether the objector submitted the Claim Form to the Settlement Administrator; (3) shall contain a clear, concise, and detailed statement of each objection the Settlement Class Member is making, the facts supporting

14

each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; (4) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through counsel, at the Final Approval Hearing; (5) shall contain, if the objecting Settlement Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, email address, state bar(s) to which the counsel is admitted, any Points and Authorities in support of the objecting Settlement Class Member's objections upon which the objecting Settlement Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Settlement Class Member may seek to use at the Final Approval Hearing. If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony at least thirty (30) days prior to the Final Approval Hearing. If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

    d.  Any Settlement Class Member that files an objection must make themselves available for deposition upon ten days written notice. The deposition must be taken within forty (40) miles of the objecting Settlement Class Member's residence, unless the objecting Settlement Class Member and parties agree to a different location.

e.       Any Settlement Class Member who fails to comply with the Procedures for Presenting Objections described in Paragraph 14 of this Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including, but not limited to, the Release in the Lawsuits.

f.       Any Settlement Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement upon Final Approval, as long as the objecting Class Member complies with all requirements of the Settlement applicable to Settlement Class Members, including the timely submission of Claim Forms and other requirements discussed herein.

15.       **Administration Of Settlement**.  The Settlement Administrator will administer the Settlement established by this Stipulation, subject to monitoring pursuant to Federal Rule of Civil Procedure 23 by Settlement Class Counsel in consultation with Defense Counsel.  Michaels will pay all costs, fees and expenses of providing Settlement Notice to the Settlement Class Members and all costs, fees and expenses of administering the Settlement established by this Stipulation pursuant to Paragraph 16 of this Stipulation.

16.       **Class Relief**.  This Stipulation provides for the following benefits to Settlement Class Members.

a.       **Monetary Relief:** Within ten (10) days after the date of the Final Approval, Michaels will fund the "Monetary Relief Fund" of six hundred thousand ($600,000) to pay for:

i.       Unreimbursed Claims by Settlement Class Members.  Any Settlement Class Member who desires to obtain reimbursement for Unreimbursed Claims must

complete the Claim Form attached at Exhibit D to this Stipulation, in which they will provide, among other things, the last four digits of the Payment Card they believe was swiped on one of the Tampered PIN Pad Terminals and evidence sufficient to show Unreimbursed Claims, and return it to the Settlement Administrator by mail with a postmark within the Claims Period, so that the Settlement Administrator can determine whether such Payment Card was in fact swiped on one of the Tampered PIN Pad terminals by cross referencing those digits against a master list and determine whether the Claim qualifies for reimbursement under the terms of this Stipulation and Settlement (the "Unreimbursed Claims Payments"); and

ii.    Credit Monitoring for Settlement Class Members.  One year of credit monitoring provided by CSIdentity Corporation at the request of Settlement Class Members, and two years of credit monitoring at the request of Class Members who also have Unreimbursed Claims and/or Fraudulent Charges (the "Credit Monitoring Protection Package"). Any Class Member who desires to obtain the Credit Monitoring Protection Package must complete the Claim Form attached at Exhibit D to this Stipulation, in which they will provide, among other things, the last four digits of the Payment Card they believe was swiped on one of the Tampered PIN Pad Terminals, and return it to the Settlement Administrator by mail with a postmark within the Claims Period so that the Settlement Administrator can determine whether such Payment Card was in fact swiped on one of the Tampered PIN Pad Terminals by cross referencing those digits against a master list, and then provide the Credit Monitoring Protection Package to only those eligible Settlement Class Members under the terms of this Stipulation and Settlement.  Following the conclusion of the Claims Process, should there be sufficient funds in the Monetary Relief Fund to extend the Credit Monitoring Protection Package for all Settlement Class Members who have requested it, such purchase will be automatically made and those

Settlement Class Members' Credit Monitoring Protection Package(s) will be extended to periods not to exceed two years for Settlement Class Members and four years for those Settlement Class Members with Unreimbursed Claims and/or Fraudulent Charges, provided that no funds described in Paragraph 16(b) (the "Additional Payment") shall be used for the purposes of providing this additional Credit Monitoring Protection Package (the "Additional Credit Monitoring Protection Package"); and

        iii.     Administration costs (including Settlement Notice). The parties recognize that certain administration costs (*e.g.*, publication notice) may require payment prior to the funding of the Monetary Relief Fund. In that event, such payment shall constitute prepayment to the Monetary Relief Fund for which Michaels will receive a credit and, accordingly, Michaels will thereafter only fund the remainder of the Monetary Relief Fund; and

        iv.     Plaintiffs' litigation costs and reasonable expenses relating to this litigation of up to one hundred thousand dollars ($100,000). Settlement Class Counsel may petition the Court for incentive awards of up to $2,500 per Settlement Class Representative, the purpose of which being to compensate the Settlement Class Representatives for the efforts and risks they undertook on behalf of all Settlement Class Members. Any incentive awards made by the Court shall be paid, as instructed by Class Counsel, within thirty (30) days after the occurrence of Final Approval and shall be considered part of Plaintiffs' litigation costs.

        b.     The total payments for Paragraphs 16(a)(i) through 16(a)(iv) above shall not exceed six hundred thousand dollars ($600,000). However, if the total payments of valid claims would cause the total payments under Paragraphs 16(a)(i) through 16(a)(iv) to exceed $600,000, Michaels shall fund an additional amount into the Monetary Relief Fund not to exceed two hundred thousand dollars ($200,000) (the "Additional Payment") within three (3) days of

receiving notice of same, or on the next business day if said date occurs on a Saturday or Sunday, to allow for payment of valid claims under Paragraphs 16(a)(i) and 16(a)(ii). Under no circumstances shall Michaels provide the Additional Payment to pay for the Additional Credit Monitoring Protection Package. If the total amounts validly sought for the items set forth in Paragraphs 16(a)(i) through 16(a)(iv) would cause the total payments to exceed eight hundred thousand dollars ($800,00), each eligible Settlement Class Member's award of relief shall be reduced on a *pro rata* basis such that the total payments for the items set forth in Paragraphs 16(a)(i) through 16(a)(iv) will equal eight hundred thousand dollars ($800,000). Should *pro rata* reductions be required, all payments for the Credit Monitoring Protection Package shall be reduced before any payments for Unreimbursed Claims Payments are reduced. For this reason, the Settlement Administrator shall not purchase any Credit Monitoring Protection Packages or make any Unreimbursed Claims Payments until after the Claims Period ends and all claims have been reviewed and adjudicated.

c.    **Minimum Fund and *Cy Pres*:**  In no event shall Michaels pay less than six hundred thousand dollars ($600,000). Any unused portion of the Monetary Relief Fund will be subject to a *cy pres* distribution to Starlight Children's Foundation.

d.    **Michaels' Right to Challenge a Claim:**  Upon determining that a claim submitted pursuant to Paragraph 16(a)(i) is valid and calculating the amount payable, the Settlement Administrator shall notify Michaels and Settlement Class Counsel of that determination. Michaels shall have 30 days following this notice to challenge the claim. Michaels shall be permitted to submit to the Settlement Administrator, with a copy to Settlement Class Counsel, any information demonstrating that the alleged loss was not caused by the Compromise or that the amount determined payable is incorrect. The Settlement Administrator

19

may then contact the Settlement Class Member who submitted the claim to request any further information. The Settlement Administrator shall then make a final determination that is not challengeable by any party.

   e. **Settlement Administrator's Right to Request Further Information**: If more than one potential Settlement Class Member files a claim identifying the same last four digits of the same type of payment card, the Settlement Administrator may request further information from the potential Settlement Class Members, including the full card number.

   f. **Documentation of Steps Taken With Respect to PIN Pad Security**: Michaels has provided Settlement Class Counsel information sufficient to confirm that the steps listed in Paragraph 5(a)–(c) have been taken.

   17. **Consideration For The Benefits Hereunder**. In consideration for the benefits to the Settlement Class provided hereunder:

   a. All claims alleged in this Lawsuit against Michaels shall be dismissed on the merits, with prejudice, barring forever Plaintiffs' Claims and Released Claims. All parties to this Stipulation shall bear their own costs, except as otherwise provided herein.

   b. Plaintiffs, individually and on behalf of the other members of the Settlement Class, settle, compromise, resolve, release, waive, discharge, and terminate any and all of Plaintiffs' Claims and Released Claims. Upon Final Approval of this Stipulation, each and every Settlement Class Member, other than those who have properly opted out of the Settlement, will be deemed to have agreed to the Release set forth below in Paragraph 18 and to have waived all objections thereto.

   c. The failure of any Settlement Class Member to receive the benefits described in Paragraph 16 or to receive actual notice of the Settlement created by this Stipulation

shall not affect the releases under this Stipulation, including, without limitation, the release of Plaintiffs' Claims and Released Claims, and the Stipulation shall retain its full, binding effect. Good faith efforts as set forth in this Stipulation to provide Settlement Notice to the Settlement Class Members shall be deemed fair and reasonable and to constitute the best notice practicable under the circumstances.

d.       The parties, and the Court upon Preliminary Approval, agree that the Class Relief outlined in this Stipulation provides the Settlement Class Members with due process.

18.    **Complete Release and Dismissal of Claims**.

a.       In exchange for the Class Relief as described in Paragraph 16, upon Final Approval by the Court of this Stipulation, and except as to such rights or claims as may be created by this Stipulation, Plaintiffs and each of the other Settlement Class Members, jointly and severally, shall, and hereby do fully release and discharge Michaels and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Released Parties, including, without limitation, claims for violation of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.,* the New

Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, any other consumer protection statutes under state or federal law, negligence, negligence *per se,* breach of contract, breach of implied contract, quasi-contract, or equitable claims, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the settlement by the Court ("Released Claims"). Released Claims include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Stipulation with Michaels and release of Released Parties.

b.     The parties intend that this Stipulation shall be binding on all non-opt out members of the Settlement Class, whether or not they actually receive a payment pursuant to this Stipulation. This Stipulation shall constitute, and may be pleaded as, a complete and total defense to any Released Claims if raised in the future.

c.     The failure of any Settlement Class Member to claim or obtain any relief made available under this Stipulation shall not affect the validity, scope, or enforceability of the releases herein, and all Settlement Class Members shall remain bound by said releases. Michaels shall not be required to remit any additional consideration to any Settlement Class Members following or on account of such forfeiture by any Settlement Class Member.

d.     As part and parcel of this Stipulation, all Settlement Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial, or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction that asserts claims against Michaels based on or in any way related to the Released Claims or the Compromise.

22

e.     With respect to all Released Claims, Plaintiffs and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

f.     Michaels and the Settlement Class Members hereby expressly agree that all provisions of this Paragraph 18 together and separately constitute essential terms of this Stipulation.

g.     Michaels and the Plaintiffs intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Michaels, Plaintiffs, and/or the other Settlement Class Members against each other, including legal counsel for said parties, with respect to the conduct and claims addressed by this Settlement. Accordingly, Class Counsel and Defendant agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Fed. R. Civ. Pro. 11 or of 28 U.S.C. § 1927 relating to the prosecution, defense, or settlement of the Lawsuit. In exchange for the relief provided by this Stipulation and Settlement, Michaels and the Released Parties jointly and severally, shall,

and hereby do fully release and discharge Plaintiffs, the other Settlement Class Members, and Settlement Class Counsel, and all Plaintiffs' counsel from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Plaintiffs, the other Settlement Class Members, and Settlement Class Counsel, and all Plaintiffs' counsel, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the Settlement by the Court.  For purposes of this Paragraph 18(g) only, Michaels' insurers and reinsurers are not included in the definition of "Released Parties".  Notwithstanding the foregoing, Michaels' insurers and reinsurers fully release and discharge Plaintiffs, the other Settlement Class Members, and Settlement Class Counsel, and all Plaintiffs' counsel from any and all liabilities or defenses arising out of the Lawsuit.

     19.   **Attorneys' Fees**.

     a.   Settlement Class Counsel shall submit a request for reasonable attorneys' fees up to, but not more than, one million two hundred thousand dollars ($1,200,000).  Michaels will not oppose that request.  Subject to Court approval of Settlement Class Counsel's request, Settlement Class Counsel's attorney's fees shall be paid within five (5) business days after Final

Approval. Payment shall be made to Bursor & Fisher, P.A. as agent for Settlement Class Counsel in accordance with wire instructions to be provided by Bursor & Fisher, P.A. Should the Court award less than one million two hundred thousand dollars ($1,200,000), the amount awarded shall be paid and the difference shall not be available for additional claims or *cy pres* distribution.

      b.    Settlement Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and expenses among the counsel who have acted on behalf of the Settlement Class.

      c.    The fees reflected in Paragraph 19(a) represent the entire aggregate maximum total of all fees agreed to be paid, if awarded by the Court, in connection with the Settlement created by this Stipulation, other than as provided in Paragraph 39 relating to enforcement of the Settlement created by this Stipulation, and other than Plaintiffs' litigation costs and expenses, including incentive awards, as described in paragraph 16(a)(iv) of this Stipulation, and other than Michaels may have incurred with respect to Michaels' own counsel in this Litigation or in any other proceeding related to the Compromise. Michaels shall not be liable to anyone for any further fees, costs, or expenses (other than (a) as provided in Paragraph 39 relating to enforcement of the Settlement created by this Stipulation; (b) Plaintiffs' litigation costs and expenses, as described in paragraph 16(a)(iv) of this Stipulation; and (c) Michaels' fees and costs to its own counsel, which Michaels shall bear and for which Plaintiffs and Plaintiff's counsel are not liable), including any claim by any other counsel or Settlement Class Member for additional fees or expenses relating in any way to the Stipulation and Settlement created thereby, its administration and implementation, any appeals of orders or judgments relating to the Stipulation, any objections or challenges to the Stipulation, any claims under the Settlement and

Stipulation, any proceedings on behalf of Settlement Class Members based on any of the claims or allegations forming the basis of the Lawsuit or arising out of the Compromise, or the claims released under this Stipulation and Settlement.

           d.     Notwithstanding the terms of this Paragraph 19, if the Settlement is not consummated, Plaintiffs' counsel may include any time spent in Settlement efforts as part of any statutory fee petition filed at the conclusion of the case, and Michaels reserves the right to object to the reasonableness of such requested fees.

           20.    **Requests for Fees and Expenses by Other Parties**.  Settlement Class Counsel and Plaintiffs agree not to support, including on appeal, any request for attorneys' fees, expert fees, costs, and/or expenses by any Settlement Class Member (other than the Class Representatives), objector, intervenor, or proposed intervenor, or any separate counsel hired by any of the foregoing, and if any such fees, costs, or expenses are awarded by the Court in excess of the amount agreed upon in Paragraph 19 above, then Michaels may declare this Stipulation void.

           21.    **Covenants**.  It is expressly acknowledged and agreed that neither Michaels nor Plaintiffs will institute, participate in, or encourage any appeal from an order implementing this Stipulation; provided, however, that Michaels and Plaintiffs have the right to appeal an order that is in any way different from the material terms of this Stipulation or that materially alters the consideration to be given by or to any party.

           22.    **Restriction on Publicity.**  The Parties agree that they will not issue any press release or press statement, or otherwise initiate media coverage, concerning the Lawsuits, the events underlying the Lawsuits, or this Settlement.  Nothing in this Paragraph shall prevent the

Parties from responding to any media inquiries or posting information about the Settlement on their websites.

23.     **Final Order By The Court**.   A Fairness Hearing will be held before the Honorable Charles P. Kocoras, United States District Court for the Northern District of Illinois, Eastern Division, to determine whether the proposed Settlement on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate, and whether a Final Order should be entered.   Any Settlement Class Member who wishes to be heard in opposition to the Settlement described in this Stipulation must submit a written objection as provided in Paragraph 14, above.   Michaels and Plaintiffs will jointly propose to the Court a Final Order, substantially in the form of Exhibit B hereto, consistent with the terms of this Stipulation.

24.     **Failure To Obtain Court Approval**.   If the Final Order with all material terms as jointly proposed is not entered, or if this Stipulation is not finally approved and consummated with respect to material terms set forth, or if the Final Order and/or final judgment is reversed on appeal, or if appealed and the Final Order is not affirmed in all material respects, this Stipulation shall be null and void for all purposes, at the option of Michaels, Plaintiffs, or both.   In the event that the Court certifies a class for settlement purposes other than as materially defined in this Stipulation, then this Stipulation shall be voidable for all purposes, at the option of Michaels, Plaintiffs, or both.   If the Plaintiffs or Michaels elects to exercise this right of termination, such party must do so in writing, with copies to all counsel of record and to the Court, within fourteen (14) days of any such order, and any class certified shall be decertified.   In the event the class is decertified, this Stipulation, any orders or notices, and any drafts or discussions regarding this Settlement (written or oral) shall be ineffective and inadmissible in evidence for any purpose in this Action or any other, and such Stipulation shall be deemed terminated unless otherwise

agreed to in writing by all parties hereto or their respective counsel. Should Final Approval not be granted for any reason, Michaels shall not seek from Plaintiffs or Settlement Class Counsel, or Settlement Class Members reimbursement for any and all costs of providing Settlement Notice to the Settlement Class Members and all costs of administering the Settlement established by this Stipulation pursuant to Paragraph 16 of this Stipulation, as well as any taxes or tax related accounting costs related to this Stipulation or the Settlement. This Paragraph shall not apply to any decision by the Court that fails to award Settlement Class Counsel the amount of fees provided for in Paragraph 19 of this Stipulation. If the Court awards Class Counsel less than $1,200,000 in fees as provided for in Paragraph 19 of this Stipulation, such an award shall not constitute a failure to approve a material condition, or addition or modification of a condition, of this Stipulation that affects a fundamental change of the parties' Settlement, and, regardless of the fee award, Settlement Class Counsel will not seek to cancel or otherwise challenge by appeal or otherwise the award, but rather will accept the award of the Court, provided that Michaels does not take a position with respect to Settlement Class Counsel's fee request inconsistent with the provisions set forth in this Stipulation.

25. **Termination of Settlement by Michaels**. In addition to the provisions in Paragraph 24, Michaels may, in its sole discretion, withdraw from and terminate this Stipulation if more than 15,000 Settlement Class Members elect to exclude themselves (opt out) from the Settlement. Should Michaels elect to withdraw from and terminate this Settlement pursuant to this Paragraph, such withdrawal and termination shall be treated as if Final Approval was not granted under Paragraph 24.

26. **No Admission By Any Party**. This Stipulation and any orders by the Court effecting this Stipulation are not and shall not be a concession or admission of wrongdoing or

liability by any party hereto and shall not be cited to or otherwise used or construed as an admission of any fault, omission, liability, or wrongdoing on the part of any party hereto. Neither this Stipulation, nor the fact of settlement, nor any settlement negotiations or discussions, nor the order or judgment to be entered approving this Stipulation, nor any related document shall be deemed an admission, concession, presumption, or inference against any party to this Stipulation in a proceeding, including a proceeding challenging the validity or the reasonableness of the attorneys' fee payment, other than such a proceeding as may be necessary to consummate or enforce this Stipulation. To the contrary, Plaintiffs, on behalf of themselves and the Settlement Class, by and through Settlement Class Counsel, acknowledge and agree that Michaels specifically disclaims and denies any liability or wrongdoing whatsoever and that Michaels asserts it has entered into this Stipulation solely to avoid future inconvenience, protracted costly litigation and the risks thereof, and interference with ongoing business operations inherent in any litigation. And further to the contrary, Plaintiffs expressly affirm that the allegations contained in the Consolidated Amended Class Action Complaint were made in good faith and have a basis in fact, but consider it desirable for the Actions to be settled and dismissed because of the substantial benefits that the proposed Settlement will provide to Settlement Class Members.

27. **Mutual Full Cooperation**. The parties agree to cooperate fully with each other to accomplish the terms of this Stipulation, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation. The parties to this Stipulation shall use their best efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation and the terms set forth herein. As soon as

practicable after execution of this Stipulation, Settlement Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's Preliminary Approval and Final Approval of this Stipulation.  Settlement Class Counsel will also notify Defense Counsel if contacted or subpoenaed regarding any other action filed against Defendant regarding the period from January 1, 2011, through the date of Final Approval of the Settlement by the Court.  The parties promise and agree not to encourage any Settlement Class Members to opt out of the Settlement.

28.    **Warranties**.  Michaels, by and through its counsel, and Plaintiffs, by and through Settlement Class Counsel, warrant and represent to each other that they have authority to enter into this Stipulation and Settlement on their own behalves and have done so in good faith.  Plaintiffs, by and through Settlement Class Counsel, warrant and represent to Michaels that they have not affirmatively conveyed, pledged, transferred, hypothecated, or in any manner encumbered or assigned to any other natural person, firm, corporation, partnership, joint venture, trust or estate, business, association, or any form of legal entity any of the claims, demands, actions, or causes of action described in this Stipulation.

29.    **Binding Effect Of Stipulation**.  This Stipulation shall be binding upon and inure to the benefit of the parties to this Stipulation, Settlement Class Counsel, and the Settlement Class Members and their respective heirs, predecessors, successors, and assigns.

30.    **No Liability for Acts Consistent with, or Undertaken Pursuant to, this Stipulation**:  Neither Michaels, nor Settlement Class Counsel, nor Plaintiffs nor any of the other Settlement Class Members, nor any Released Parties shall have any liability whatsoever for any acts or omissions taken by them that are consistent with this Stipulation or the Settlement or any liability for any acts or omissions taken by any party retained by Michaels, Plaintiffs' Counsel,

or both to perform services under this Stipulation or the Settlement, including without limitation Epiq or CSIdentity Corporation.

31. **Headings**. The headings used in this Stipulation are for the purposes of convenience and do not constitute part of the Stipulation, and no heading shall be used to help construe the meaning of the Stipulation.

32. **Entire Agreement**. The foregoing constitutes the entire agreement with respect to the subject matter hereof and may not be modified or amended except in writing signed by all parties hereto. To the extent that this Stipulation differs in any manner whatsoever from prior written or oral agreements regarding the subject matter hereof, the terms and conditions of this Stipulation shall control. The determination of the terms of, and the drafting of, this Stipulation have been by mutual agreement after negotiation, with consideration by, and participation of, Michaels and Plaintiffs.

33. **No Waiver**. The waiver by one party of any provision or breach of this Stipulation shall not be deemed a waiver of any other provision or breach of this Stipulation.

34. **Governing Law.** The contractual terms of this Stipulation, and all matters appurtenant thereto, shall be interpreted and enforced in accordance with the substantive law of the State of Illinois without regard to its choice of law rules. The parties acknowledge and agree that venue is proper in the United States District Court for the Northern District of Illinois.

35. **Mutual Interpretation.** Michaels and the Plaintiffs, in their individual and representative capacities, by and through Settlement Class Counsel, agree and stipulate that this Stipulation was negotiated and drafted jointly by Settlement Class Counsel and Defense Counsel. Accordingly, no ambiguity shall be construed in favor of or against any of the parties on the basis of being the drafter.

36. **Reasonableness of Stipulation and Settlement.** The parties believe that this is a fair, reasonable, and adequate Settlement and have arrived at this Settlement through arm's-length negotiations, taking into account all relevant factors, present and potential.

37. **Severability.** In the event any one or more of the provisions contained in this Stipulation shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if Michaels, Plaintiffs, or their counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days, to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Stipulation.

38. **Counterparts**. This Stipulation may be executed in counterparts, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

39. **Enforcement Actions.** In the event that one or more of the parties to this Stipulation institutes any legal action, arbitration, or other proceeding against any other party to enforce the provisions of this Stipulation or to declare rights and/or obligations under this Stipulation, the successful party shall be entitled to recover from the unsuccessful party reasonable attorney's fees and costs, including expert witness fees incurred in connection with any enforcement action.

40. **Use of the Stipulation in Subsequent Actions.** To the extent permitted by law, this Stipulation may be introduced and pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Stipulation.

**FOR PLAINTIFFS THE PROPOSED SETTLEMENT CLASS**

By: _____

      ADAM J. LEVITT


By: _____

      SCOTT A. BURSOR


By: _____

      ANTHONY VOZZOLO

**PLAINTIFFS' INTERIM CLASS COUNSEL
AND PROPOSED SETTLEMENT CLASS COUNSEL**

**FOR PLAINTIFFS THE PROPOSED SETTLEMENT CLASS**

By: _____
     ADAM J. LEVITT

By: _____
     SCOTT A. BURSOR

By: _____
     ANTHONY VOZZOLO

**PLAINTIFFS' INTERIM CLASS COUNSEL
AND PROPOSED SETTLEMENT CLASS COUNSEL**

33

**FOR PLAINTIFFS THE PROPOSED SETTLEMENT CLASS**

By: _____
     ADAM J. LEVITT

By: _____ 12/7/12
     SCOTT A. BURSOR

By: _____
     ANTHONY VOZZOLO

**PLAINTIFFS' INTERIM CLASS COUNSEL
AND PROPOSED SETTLEMENT CLASS COUNSEL**

33

**FOR PLAINTIFFS THE PROPOSED SETTLEMENT CLASS**

By: _____

ADAM J. LEVITT

By: _____

SCOTT A. BURSOR

By: _____

ANTHONY VOZZOLO

**PLAINTIFFS' INTERIM CLASS COUNSEL**
**AND PROPOSED SETTLEMENT CLASS COUNSEL**

**FOR DEFENDANT, MICHAELS STORES, INC.**


By:    _____
       MICHAEL J. VEITENHEIMER

**SVP, GENERAL COUNSEL & SECRETARY
MICHAELS STORES, INC.**

34

**FOR DEFENDANT, MICHAELS STORES, INC.**

By: _____
      MICHAEL J. VEITENHEIMER

**SVP, GENERAL COUNSEL & SECRETARY**
**MICHAELS STORES, INC.**

34

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION | Case No. 1:11-cv-03350 |
| | <u>CLASS ACTION</u> |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | Honorable Charles P. Kocoras |
| This Documents Relates to All Actions | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**TO PROPOSED CLASS SETTLEMENT**

The parties to the above-captioned action have submitted a Joint Motion for entry of an Order determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval (hereinafter, the "Stipulation"). After consideration of the Stipulation and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1.     **Defined Terms**:  This Court adopts the defined terms set forth in Paragraph 9 of the Stipulation for purposes of this Order, unless otherwise specified herein.

2.     **Preliminary Approval of Settlement**:    The terms of the Stipulation are **preliminarily approved,** subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling

of the Fairness Hearing, and the circulation of the Settlement Notice to the Settlement Class, each as provided for in this Order.

        3.    **Conditional Certification for Settlement Purposes**:  For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> all customers who purchased items at a Michaels store location from January 1, 2011, to May 12, 2011, whose Payment Card was swiped on one of the Tampered PIN Pad Terminals.

> Excluded from the "Settlement Class," "Settlement Class Members," or "Class Members" are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also excluded are any individuals or entities who "opt out" of the Settlement.

Mary Allen, Kelly M. Maucieri, Brandi Ramundo, Adrianna Sierra, Fred Sherry, Sara Rosenfeld, Ilana Sofer, Lori Wilson, Jeremy Williams, and Kimberly M. Siprut are conditionally certified as representatives of the Settlement Class defined above, and Adam J. Levitt, Scott A. Bursor, and Anthony Vozzolo are appointed as Class Counsel. This conditional certification of the Settlement Class and Class Representatives, and appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

Based on the Court's review of the Joint Motion and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

a.      The Settlement Class, which consists of thousands of individuals, is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

b.      The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue.  Here, there are questions of law and fact common to the Settlement Class, including allegations concerning Michaels' role in, and response to, the Compromise;

c.      The claims of the Class Representatives are typical of the claims of the Settlement Class; and

d.      The Class Representatives will fairly and adequately protect the interests of the Settlement Class and are represented by qualified counsel who are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy.  The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation.  <u>Amchem Prods. Inc. v. Windsor</u>, 117 S. Ct. 2231, 2240 (1997).

4.    **Fairness Hearing**:  A Fairness Hearing shall take place before the undersigned, the Honorable Charles P. Kocoras, at _____, on _____ to determine:

a.    whether the Court should finally certify the Settlement Class and whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

b.    whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

c.    whether the Released Claims of the Settlement Class Members in this Lawsuit should be dismissed on the merits and with prejudice;

d.    whether the application for attorneys' fees, costs, and expenses submitted by Class Counsel should be approved; and

e.    such other matters as the Court may deem necessary or appropriate.

5.    **Approval with Modifications**:  The Court may finally approve the proposed Stipulation at or after the Fairness Hearing with any modifications agreed to by Michaels and the Class Representatives and without further notice to the Settlement Class.

6.    **Right to Appear and Object**:  Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

a.      Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice, no later than thirty (30) days before the Fairness Hearing.

b.      Settlement Class Members may object either on their own or through an attorney hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served thirty (30) days before the Fairness Hearing.

c.      Any objection regarding or related to the Stipulation or Settlement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Michaels Stores PIN Pad Litigation* (No. 1:11-cv-03350)"; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, telephone number, email address, and the contact information for any attorney retained by the Settlement Class Member in connection with the objection and shall also contain a completed copy of the Claim Form regardless whether the objector submitted the Claim Form to the Settlement Administrator; (3) shall contain a clear, concise, and detailed statement of each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; (4) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through counsel, at the Final Approval Hearing; (5) shall contain, if the objecting Settlement Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number,

-5-

email address, state bar(s) to which the counsel is admitted, any Points and Authorities in support of the objecting Settlement Class Member's objections upon which the objecting Settlement Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Settlement Class Member may seek to use at the Final Approval Hearing. If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony at least thirty (30) days prior to the Final Approval Hearing. If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

d.      Any Settlement Class Member that files an objection must make themselves available for deposition upon ten days written notice. The deposition must be taken within forty (40) miles of the objecting Settlement Class Member's residence, unless the objecting Settlement Class Member and parties agree to a different location.

e.      Any Settlement Class Member who fails to comply with the Procedures for Presenting Objections described in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Actions.

f.     Any Settlement Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement upon Final Approval, as long as the objecting Class Member complies with all requirements of the Settlement applicable to Settlement Class Members, including the timely submission of Claim Forms and other requirements discussed herein.

7.     **Notice**.  The Settlement Notice substantially in the form of Exhibit C to the Stipulation is hereby approved.  The Court approves the parties' joint selection of Epiq Systems, Inc. to administer the notice program.  The costs of providing notice shall be paid as set forth in the Stipulation, and the Settlement Notice shall be implemented no later than 30 days after the entry of this Order, as set forth in the Stipulation.  The Court finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Stipulation under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

8.     **Ability of Class Members to Opt Out**.  All putative Settlement Class Members who wish to opt out of the Settlement Class must do so by sending a written request for exclusion to Class Counsel and Defense Counsel by first-class mail as outlined in the Settlement Notice, signed by the putative Settlement Class Member, and providing all required information.  To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed opt out request must be received no later than 30 days before the Fairness Hearing (the "Opt Out Deadline").  At the Fairness Hearing, Class Counsel and Defense Counsel shall file an Affidavit or Declaration attaching a final list of all opt out requests filed by the Opt Out Deadline.

Any putative Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Stipulation, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

9. **CAFA Notice**. By providing notice of the proposed Settlement to the relevant state and federal authorities within 10 days of the filing of the proposed Settlement with this Court, Defendant has complied with the requirements of 28 U.S.C. § 1715.

10. **Appearance by Settlement Class Member**. Any Settlement Class Member may enter an appearance in this litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

11. **No discovery of settlement materials**. No discovery with regard to the proposed Settlement or the Stipulation shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

12. **Discovery and Other Litigation Activity.** All discovery and other litigation activity in this Lawsuit is hereby stayed pending a decision on Final Approval of the Stipulation.

13. **No Admission**. Neither the Settlement nor the Stipulation shall constitute an admission, concession, or indication of the validity of any claims or defenses in the Lawsuit, or of any wrongdoing, liability or violation by Michaels, which vigorously denies all of the claims and allegations raised in the Lawsuit.

**SO ORDERED** this _____ day of _____ 2012.


_____
HONORABLE CHARLES P. KOCORAS
UNITED STATES DISTRICT JUDGE


Copies provided to:
Counsel of record

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION | Case No. 1:11-cv-03350 |
| | <u>CLASS ACTION</u> |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | Honorable Charles P. Kocoras |
| This Documents Relates to All Actions | |

**[PROPOSED] ORDER APPROVING SETTLEMENT**

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement ("Stipulation") dated December __, 2012; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, and expenses; (3) held a Fairness Hearing after being satisfied that notice to the Settlement Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on _____, 2012 (the "Preliminary Approval Order"); (4) taken into account any objections submitted prior to the Fairness Hearing in accordance with the Preliminary Approval Order, and the presentations and other proceedings at the Fairness Hearing; (5) considered the Settlement in the context of all prior proceedings had in this litigation. Accordingly, the Court enters the following **FINDINGS and CONCLUSIONS**:

A.      Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Stipulation.

B.      The Court has subject matter jurisdiction over this Lawsuit and all acts within this Lawsuit, and over all the parties to this Lawsuit, including all members of the Settlement Class.

1

C.     The Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes.   Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D.     The notice to putative Settlement Class Members consisted of a quarter black and white page ad ran two times in the Monday through Thursday editions of USA Today with circulation in the areas of the stores at which the Compromise occurred.   The Settlement Administrator also created a website where potential Settlement Class Members could obtain a more detailed Settlement Notice and that provided a list of stores at which the Compromise occurred.   Michaels provided a link on Michaels.com to the Settlement Administrator's website and posted notices in the eighty-six (86) affected stores.   Michaels further provided notification on receipts in the eighty-six (86) affected stores during the Settlement Notice period.   The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Lawsuit, and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E.     The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement; has been advised of all objections to the Settlement; and has given fair consideration to such objections.

F.      The Settlement is the product of good faith, arm's length negotiations between the Plaintiffs and Class Counsel, on the one hand, and Michaels and its counsel, on the other hand.

G.      The Settlement, as provided for in the Stipulation, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class.  In reaching this conclusion, the Court considered a number of factors, including:  (1) the strength of Plaintiffs' case compared to the amount of Michaels' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel Tech., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006).

H.      All objections to the Settlement are overruled and denied in all respects.

I.      A list of those Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who are therefore not bound by the Settlement, the provisions of the Stipulation, this Order and the Final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of _____, filed in advance of the Fairness Hearing.  All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Stipulation, this Order, and Final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Certification of Class and Approval of Settlement

1.      The Settlement and the Stipulation are hereby approved as fair, reasonable,

adequate, and in the best interests of the Settlement Class, and the requirements of due process

and Federal Rule of Civil Procedure 23 have been satisfied.  The objections to the Settlement are

overruled and denied in all respects.  The parties are ordered and directed to comply with the

terms and provisions of the Stipulation.

2.      The Court having found that each of the elements of Federal Rules of Civil

Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class

is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the

following persons:

> all customers who purchased items at a Michaels store location
> from January 1, 2011, to May 12, 2011, whose Payment Card was
> swiped on one of the Tampered PIN Pad Terminals.
>
> Excluded from the "Settlement Class," "Settlement Class
> Members," or "Class Members" are Defendant and its affiliates,
> parents, subsidiaries, employees, officers, agents, and directors.
> Also excluded is any judicial officer presiding over this matter and
> the members of their immediate families and judicial staff.  Also
> excluded are any individuals or entities who "opt out" of the
> Settlement.

The putative Settlement Class Members identified on the list submitted to the Court as having

timely and properly elected to opt out from the Settlement and the Settlement Class are hereby

excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the

Settlement Class Members under the Stipulation.  The Court readopts and incorporates herein by

reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in

the Preliminary Approval Order and notes again that because this certification of the Class is in

4

connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the nationwide class proposed in the Settlement.

3.    For purposes of Settlement only, Plaintiffs are certified as representatives of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class.  The Court concludes that Settlement Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Stipulation.

4.    Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

<u>Release and Injunctions Against Released Claims</u>

5.    The Settlement Class and each member of that class, including Class Representatives (who shall not opt-out), jointly and severally, shall, and hereby do fully release and discharge Michaels and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or

event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Released Parties, including, without limitation, claims for violation of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.,* the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, any other consumer protection statutes under state or federal law, negligence, negligence *per se,* breach of contract, breach of implied contract, quasi-contract, or equitable claims, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the settlement by the Court ("Released Claims"). Released Claims include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Stipulation with Michaels and release of Released Parties.

6. The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims. In addition, Settlement Class Members are enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

<u>Applications for Attorneys' Fees, Costs, and Expenses</u>

7.     The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application.  The Court recognizes that Michaels has not opposed an award of attorneys' fees and costs of $1,200,000.  This agreement is in addition to the other relief to be provided to Class Members under the Stipulation.  On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $1,200,000, to be paid in accordance with the terms of the Stipulation.  The Court further awards _____ in litigation expenses, as well as _____ to each named Plaintiff as an incentive award, both the litigation expenses and incentive awards to be paid from the fund to be created by Defendant pursuant to the terms of the Settlement.

<u>Other Provisions</u>

8.     Neither the Stipulation nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiffs, and any Settlement Class Member, Michaels, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Lawsuit are or are not meritorious, and this Order, the Stipulation or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Stipulation, this Order, and the Final Judgment to be entered thereon may be filed in any action by Michaels

or Settlement Class Members seeking to enforce the Stipulation or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata,* collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Stipulation's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

9.     In the event the Stipulation does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

<u>Entry of Judgment</u>

10.     The Clerk of the Court is directed to enter the Final Judgment in the form attached to this Order dismissing all Released Claims with prejudice as to Michaels.

**SO ORDERED** this _____ day of _____ 2013.

_____
HONORABLE CHARLES P. KOCORAS
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION | Case No. 1:11-cv-03350 |
| | CLASS ACTION |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | Honorable Charles P. Kocoras |
| This Documents Relates to All Actions | |

## [Proposed] FINAL JUDGMENT

The Court has entered Final Approval of the parties' Settlement. Accordingly, Plaintiffs'

claims against Michaels Stores, Inc. are hereby **DISMISSED WITH PREJUDICE**, and this

Final Judgment shall issue consistent with Federal Rule of Civil Procedure 58.

**SO ORDERED** this _____ day of _____, 2013.


_____
HONORABLE CHARLES P. KOCORAS
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of record

9

EXHIBIT C

## IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| | Case No. 1:11-cv-03350 |
| IN RE MICHAELS STORES PIN PAD | CLASS ACTION |
| LITIGATION | Honorable Charles P. Kocoras |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| This Documents Relates to All Actions | |

### NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT,
### FAIRNESS HEARING, AND RIGHT TO APPEAR

*YOU ARE <u>NOT</u> BEING SUED.  THIS IS <u>NOT</u> AN ATTORNEY'S SOLICITATION.*

**If you purchased items at certain Michaels store locations from January 1, 2011, to May 12, 2011, and your Payment Card (*i.e.,* credit and/or debit card) was swiped on one of the Tampered PIN Pad Terminals, you may meet the criteria for membership in the class defined by this Lawsuit.  The Plaintiffs in this Lawsuit filed a class action lawsuit on behalf of themselves and a class of persons.  The Complaint alleges that certain customers suffered damages as a result of a data breach at select stores of Defendant Michaels Stores, Inc. ("Michaels") between January 1, 2011 and May 12, 2011.  Michaels denies any wrongdoing and any liability whatsoever.  However, to avoid the expense and uncertainty of litigation, the parties reached a proposed settlement of all such claims, including yours. This notice tells you what rights and options you have in this matter.**

***PLEASE READ THIS NOTICE CAREFULLY, AS YOU MAY BE A CLASS MEMBER IN A LAWSUIT AND YOUR LEGAL RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT.  THIS NOTICE ADVISES YOU OF IMPORTANT FACTS REGARDING A PROPOSED CLASS ACTION SETTLEMENT BETWEEN YOU AND OTHER MEMBERS, ON THE ONE HAND, AND MICHAELS ON THE OTHER HAND.  THIS NOTICE EXPLAINS THE SETTLEMENT AND ADVISES YOU OF YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT.  THE STATEMENTS MADE IN THIS NOTICE ARE <u>NOT</u> FINDINGS OF THE COURT.***

# WHAT THIS NOTICE PACKAGE CONTAINS

*CAPITALIZED WORDS AND PHRASES IN THIS NOTICE PACKAGE INDICATE TERMS THAT ARE SPECIALLY DEFINED IN THE STIPULATION OF SETTLEMENT, WHICH YOU CAN OBTAIN BY CONTACTING CLASS COUNSEL AT THE ADDRESS BELOW.*

**PAGE**

**I.     BASIC INFORMATION**.................................................................................................**3**

    1.     Summary ..........................................................................................................3
    2.     What is this Lawsuit about?.............................................................................3
    3.     Why is this a class action? ..............................................................................3
    4.     What is the status of the Lawsuit? ..................................................................3
    5.     Will you have to give up anything if the Stipulation is given Final Approval?...............3

**II.    SETTLEMENT BENEFITS** ......................................................................................**4**

    6.     What benefits will be provided under the Stipulation?....................................4
    7.     Who will pay the costs of implementing and administering the Stipulation?....................4
    8.     How and when will the relief offered under the Stipulation be provided? .......................4

**III.   LEGAL EFFECT OF THE SETTLEMENT**.............................................................**4**

    9.     What am I giving up as part of the settlement?................................................4
    10.    Can the parties change the terms of the Settlement? ......................................5
    11.    Does the Stipulation have any current legal effect?........................................5

**IV.   YOUR LEGAL RIGHTS AND OPTIONS** ..............................................................**6**

    12.    What are your options as to the Stipulation? ..................................................6
    13.    If the Stipulation is given Final Approval, what must you do to receive relief? ...............6
    14.    What if you want to object to the proposed Stipulation?................................6
    15.    What if you want to exclude yourself from the settlement? .............................8

**V.    THE COURT'S FINAL FAIRNESS HEARING** ......................................................**8**

    16.    Will there be a Court hearing about the Stipulation?......................................8

**VI.   COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS** ....................**9**

    17.    Who are the attorneys representing Settlement Class Members? ...................9
    18.    How will counsel for Settlement Class Members be paid? .............................9
    19.    Do you need to hire your own attorney in connection with the Stipulation?....................9

**VII.  GETTING MORE INFORMATION**.........................................................................**10**

    20.    Where can you get additional information?....................................................10

**APPENDIX A** – Release

## I.  BASIC INFORMATION

**1.      Summary**

**This is a proposed settlement in a class action lawsuit that could affect your rights.**

**2.      What is this Lawsuit about?**

This Lawsuit concerns Plaintiffs' allegation that certain customers suffered damages as a result of a data breach at select Michaels stores between January 1, 2011 and May 12, 2011 (the "Compromise").  Michaels denies the allegations made against it.

**3.      Why is this a class action?**

In a class action, one or more persons or entities like you, called class representatives, sue on behalf of people who have similar claims.  All these people are a "class" or "class members."  One court resolves the issues for all class members, except for those who exclude themselves from the class.

**4.      What is the status of the Lawsuit?**

This consolidated Lawsuit styled *In re Michaels Stores Pin Pad Litigation,* No. 1:11-cv-03350, was filed on May 18, 2011.  In total, seven lawsuits were consolidated under this caption.  Michaels filed a motion to dismiss the Lawsuit, which the Court granted, in part, and denied, in part, on November 23, 2011.  Plaintiffs and Michaels then began good-faith attempts to negotiate a settlement.  Plaintiffs and Michaels reached an agreement and signed the Stipulation on _____, which they presented to the Court for preliminary approval.  The Court preliminarily approved the Stipulation on _____.  A Fairness Hearing has been set by the Court to consider whether to finally approve the Stipulation.

If the Stipulation is given Final Approval, the Court will not decide the merits of the Plaintiffs' claims against Michaels, or Michaels' defenses to those claims.  Instead, the Lawsuit would be dismissed, with prejudice, and the Stipulation would take effect.  This Notice Package does not imply that there has been or would be any finding of violation of the law or that any relief or recovery would be awarded against Michaels if the claims against it were not settled.  Nor does this Notice Package address whether Michaels could have successfully defended the claims.  Both sides have agreed to the Stipulation to achieve an early and certain resolution and to provide specific and valuable benefits to Settlement Class Members.

**5.      Will you have to give up anything if the Stipulation is given Final Approval?**

If the Stipulation is given Final Approval, you and all the other Settlement Class Members will release certain claims defined in the Stipulation as "Released Claims." In general terms, Settlement Class Members will each release all of their claims against Michaels and its affiliated persons and entities arising out of or in any way connected to the claims alleged in the Lawsuit or the Compromise.  If the Stipulation is given Final Approval, the claims that were or could have been asserted against Michaels or its affiliated persons and entities in the Lawsuit

will also be dismissed, with prejudice. A complete copy of the Release itself is attached as Appendix A to this Notice.

## II. SETTLEMENT BENEFITS

**6.     What benefits will be provided under the Stipulation?**

Michaels has agreed to create a fund to pay for: (1) reimbursement of out-of-pocket monetary losses from Unreimbursed Claims by Settlement Class Members; (2) One year of credit monitoring provided by CSIdentity Corporation at the request of Class Members, and two years of credit monitoring if requested by Class Members who also have Unreimbursed Claims and/or Fraudulent Charges; (3) Administration costs; and (4) Plaintiffs' litigation costs and reasonable expenses. The initial amount of money Michaels has agreed to pay into this fund is $600,000. If there are claims by Settlement Class Members for items (1) and (2) above that would result in payments in excess of $600,000, Michaels shall fund an additional amount not to exceed $200,000 to cover such claims. In the event that the total claims by Settlement Class Members under (1) and (2) above are less than $600,000, a lengthier term of credit monitoring may be provided to Settlement Class Members. Any unused portion of the $600,000 fund will be subject to *cy pres* distribution to Starlight Children's Foundation. Michaels has also agreed to provide confirmation of the steps taken with respect to PIN Pad security since the compromise to Class Counsel.

The United States District Court for the Northern District of Illinois, Eastern Division, may approve the Stipulation with changes agreed to by the Parties. No further notice will be provided if that occurs.

**7.     Who will pay the costs of implementing and administering the Stipulation?**

Michaels has agreed to pay all costs of implementing and administering the Stipulation as part of the benefits outlined in Paragraph 6 above.

**8.     How and when will the relief offered under the Stipulation be provided?**

If the Settlement is finally approved, Michaels will make the Class Relief available within 45 days of Final Approval to all Class Members who timely submit Claim Forms and their claims were verified by the Settlement Administrator. The waiver of deficiencies will occur automatically upon Final Approval.

## III. LEGAL EFFECT OF THE SETTLEMENT

**9.     What am I giving up as part of the settlement?**

If the Settlement becomes final, Class Members will be releasing Michaels from all the claims described and identified in the Stipulation. The Stipulation specifically describes the Released Claims, in necessarily accurate legal terminology, so read the Release attached as Appendix A to this Notice carefully. If the Court gives Final Approval to the Stipulation, the parties will seek entry of a Final Order and accompanying judgment that, among other things, will:

- certify the Settlement Class for settlement purposes;
- dismiss the Lawsuit, with prejudice, meaning that no Settlement Class Member will be able to bring another lawsuit against Michaels based upon the claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 15, below;
- incorporate the Release as part of the Final Order and accompanying judgment; and
- permanently bar Settlement Class Members from filing or participating in any lawsuit or other legal action against Michaels arising from or relating to any and all claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 15, below.

If the Court finally approves the Stipulation, the Release reproduced as Appendix A to this Notice will be incorporated into the Court's Final Order and accompanying judgment, and all "Released Claims" as defined in the Stipulation will be deemed released effective as of the date of the Court's Final Order. The Stipulation fully describes the claims that Settlement Class Members will give up.

**10.    Can the parties change the terms of the Settlement?**

If the Stipulation is given Final Approval, thereafter Plaintiffs and Michaels will not be able to change the terms of the Stipulation without further Court approval.

**11.    Does the Stipulation have any current legal effect?**

Pending the Court's decision on whether to finally approve the Stipulation, the Court has conditionally certified the Settlement Class as follows:

> all customers who purchased items at a Michaels store location from January 1, 2011, to May 12, 2011, whose Payment Card was swiped on one of the Tampered PIN Pad Terminals.

Mary Allen, Kelly M. Maucieri, Brandi Ramundo, Adrianna Sierra, Fred Sherry, Sara Rosenfeld, Ilana Sofer, Lori Wilson, Jeremy Williams, and Kimberly M. Siprut are conditionally certified as representatives of the Settlement Class defined above. This conditional certification of the Settlement Class and Settlement Class Representatives is solely for purposes of effectuating the proposed Settlement. If the Agreement is terminated or is not consummated for any reason, the conditional certification of the Settlement Class and appointment of the Class Representatives will be void, and the parties to the proposed Settlement will be returned to the status each occupied before entry of the Preliminary Approval order.

## IV.  YOUR LEGAL RIGHTS AND OPTIONS

**12.      What are your options as to the Stipulation?**

If you are within the definition of the Settlement Class described in Paragraph 11, you will automatically be a Settlement Class Member upon Final Approval of the Stipulation.  You will not need to do anything to receive the benefits offered under the Stipulation.

You may object to any aspect of the Stipulation.  The procedures for objecting to the Stipulation are described in Paragraph 14.  Whether or not you submit an objection to the Stipulation, if the Stipulation receives Final Approval, you will remain a member of the Settlement Class unless you elect to exclude yourself, you will be entitled to the benefits offered under the Stipulation, and you will be bound by all aspects of the Stipulation and the Release contained therein.

You may exclude yourself from the Settlement by "opting out" pursuant to the procedures set forth in Paragraph 15.

**13.      If the Stipulation is given Final Approval, what must you do to receive relief?**

Upon Final Approval, all Settlement Class Members will be entitled to receive the benefits described in Paragraph 6.  You must submit a valid claim form to receive payment for your Unreimbursed Claims or to receive Credit Monitoring.

**14.      What if you want to object to the proposed Stipulation?**

If you are a Settlement Class Member (as defined in Paragraph 11) you may object to any aspect of this case, any order previously entered by the Court, or any term of the Stipulation.  Such objection must be in writing and must provide evidence of your membership in the Settlement Class.  The procedures for submitting written objections are set forth below.  *A written and signed objection (and any support for it) must be* <u>*received*</u> *by the Court and by all of the following attorneys no later than _____:*

**For the Court:**
Clerk of the Court
United States District Court for the
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

**For Michaels:**
Neil K. Gilman
John J. Delionado
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006

**For Plaintiffs and the Settlement Class:**
Adam J. Levitt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603

Scott A. Bursor
BURSOR & FISHER, P.A.
888 Seventh Avenue, 3rd Floor
New York, New York 10019

Anthony Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Ave., 10th Floor
New York, New York 10017

Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice, no later than thirty (30) days before the Fairness Hearing.

Settlement Class Members may object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served thirty (30) days before the Fairness Hearing.

Any objection regarding or related to the Stipulation or Settlement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Michaels Stores PIN Pad Litigation* (No. 1:11-cv-03350)"; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, telephone number, email address, and the contact information for any attorney retained by the Settlement Class Member in connection with the objection and shall also contain a completed copy of the Class Action Claim Form, regardless of whether the objecting Settlement Class Member submitted the Claim Form to the Settlement Administrator; (3) shall contain a clear, concise, and detailed statement of each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; (4) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through

7

counsel, at the Final Approval Hearing; (5) shall contain, if the objecting Settlement Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, email address, state bar(s) to which the counsel is admitted, any Points and Authorities in support of the objecting Settlement Class Member's objections upon which the objecting Settlement Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Settlement Class Member may seek to use at the Final Approval Hearing. If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony at least thirty (30) days prior to the Final Approval Hearing. If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

Any Settlement Class Member who files an objection must make themselves available for deposition upon ten days written notice. The deposition must be taken within forty (40) miles of the objecting Settlement Class Member's residence, unless the objecting Settlement Class Member and parties agree to a different location.

Any Settlement Class Member who fails to comply with the Procedures for Presenting Objections described in Paragraph 14 of this Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Actions.

**15.      What if you want to exclude yourself from the settlement?**

Any Settlement Class Member who does not wish to participate in this Settlement should write to Class Counsel and Defense Counsel stating an intention to "opt-out" of the class. This written notice must be received by Class Counsel and Defense Counsel at the addresses listed in Paragraph 14 no later than _____. Unless you exclude yourself by opting out, you give up the right to sue Michaels for the claims that this Settlement resolves, and you will be bound by the terms of the Settlement. Any attempted opt-out by notice to the Clerk of the Court, the Court, or any person other than the Class Counsel and Defense Counsel shall be of no effect.

## V.  THE COURT'S FINAL FAIRNESS HEARING

**16.      Will there be a Court hearing about the Stipulation?**

In its _____, Order, the Court set a Fairness Hearing for _____, beginning at _____, when the Court will consider whether to give final approval to the Stipulation. The hearing will take place at the _____. The Court may choose to change the date and/or time of the hearing without further notice of any kind. If you intend to attend the hearing, you should confirm the date and time by contacting Class Counsel at 1-800-___-____.

In ruling on the Stipulation, the Court will consider, among other things, whether to approve the Stipulation as fair, reasonable and adequate; whether to certify the Settlement Class on a final basis; whether (and in what amount) to grant Plaintiffs' request for attorneys' fees and expenses for their time and effort related to this Lawsuit; and whether to award an incentive fee to the Plaintiffs. The Court will also consider any objections that have been made by Settlement Class Members. If the Court finds the Stipulation to be fair, reasonable, and adequate, the Court will enter an order approving the Stipulation, certifying the Settlement Class, and entering a final judgment in this matter.

You may choose to attend the hearing, either in person or through an attorney hired at your own expense, but your attendance is *not* required. If you have made a written objection, either you or your attorney may appear at the Fairness Hearing to present the objection, but you are not required to do so. If you choose to attend the Fairness Hearing and intend to make a presentation to the Court, you — or your attorney — must file a notice of your intention to appear. ***Again, a written notice of appearance must be <u>received</u> by the Court, and the attorneys identified in Paragraph 14 by _____.***

## VI.  COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS

**17.   Who are the attorneys representing Settlement Class Members?**

The Court has appointed Adam J. Levitt, Scott A. Bursor, and Anthony Vozzolo to represent the Settlement Class Members. Under the terms of the Stipulation, Class Counsel will not charge any fees or expenses to Settlement Class Members. If you want to be represented by your own counsel, you may hire an attorney at your own expense.

**18.   How will counsel for Settlement Class Members be paid?**

Class Counsel will file an application with the Court for attorneys' fees and expenses in connection with their representation of Settlement Class Members in this Lawsuit. The Court will consider these applications at the Fairness Hearing described in Paragraph 16, and the Court will decide the amount of fees and expenses to be awarded to Class Counsel and the amount of any class representative incentive award.

After Plaintiffs and Michaels agreed on all other material terms of the Stipulation, Class Counsel and Michaels negotiated the formula for calculating attorneys' fees and expenses that Michaels will, subject to Court approval, pay to Class Counsel. With respect to attorneys' fees and expenses, Class Counsel and the Class Representatives will seek up to $1,200,000 as fees and up to $100,000 in reimbursement of litigation expenses, and agree not to seek or accept any amount or combination of fees and expenses which in the aggregate amount exceeds that amount as full combined payment for all past and future services and expenses of Class Counsel, and any referring counsel or associated counsel.

**19.   Do you need to hire your own attorney in connection with the Stipulation?**

A Settlement Class Member does *not* need to hire his or her own attorney, but may choose to do so. If you decide to hire your own attorney, you will be responsible for paying any

9

fees or expenses that he or she incurs. If you do not hire your own attorney, you will be represented by Class Counsel. If you choose to be represented by Class Counsel, you will not incur any fees and expenses in connection with that representation, if the Stipulation is given Final Approval.

## VII. GETTING MORE INFORMATION

**20. Where can you get additional information?**

This Notice Package summarizes the Stipulation. More details are included within the Stipulation itself. The Stipulation — along with a copy of the Release and other information about the Stipulation — can be obtained by contacting Class Counsel at 1-800-___-____ or by visiting www._____.com.

You may also examine the Stipulation, Court orders, and the other papers filed in the Lawsuit at the Clerk's Office at the _____. All Court filings are also available through PACER (pacer.psc.uscourts.gov).

_____

DATED:_____, 2012.

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

## APPENDIX A — RELEASE

**The following is reproduced *verbatim* from Paragraph 18 of the Stipulation.**

18.     <u>**Complete Release and Dismissal of Claims**</u>.

        a.      In exchange for the Class Relief as described in Paragraph 16, upon Final Approval by the Court of this Stipulation, and except as to such rights or claims as may be created by this Stipulation, Plaintiffs and each of the other Settlement Class Members, jointly, severally, shall, and hereby do fully release and discharge Michaels and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Released Parties, including, without limitation, claims for violation of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.,* the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, any other consumer protection statutes under state or federal law, negligence, negligence *per se,* breach of contract, breach of implied contract, quasi-contract, or equitable claims, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the settlement by the Court ("Released Claims"). Released Claims include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Stipulation with Michaels and release of Released Parties.

        b.      The parties intend that this Stipulation shall be binding on all non-opt out members of the Settlement Class, whether or not they actually receive a payment pursuant to this Stipulation. This Stipulation shall constitute, and may be pleaded as, a complete and total defense to any Released Claims if raised in the future.

        c.      The failure of any Settlement Class Member to claim or obtain any relief made available under this Stipulation shall not affect the validity, scope, or enforceability of the releases herein, and all Settlement Class Members shall remain bound by said releases. Michaels shall not be required to remit any additional consideration to any Settlement Class Members following or on account of such forfeiture by any Settlement Class Member.

        d.      As part and parcel of this Stipulation, all Settlement Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial, or federal court, or any arbitration or administrative or

11

regulatory or other proceeding in any jurisdiction that asserts claims against Michaels based on or in any way related to the Released Claims or the Compromise.

        e.     With respect to all Released Claims, Plaintiffs and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

        f.     Michaels and the Settlement Class Members hereby expressly agree that all provisions of this Paragraph 18 together and separately constitute essential terms of this Stipulation.

        g.     Michaels and the Plaintiffs intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Michaels, Plaintiffs, and/or the other Settlement Class Members against each other, including legal counsel for said parties, with respect to the conduct and claims addressed by this Settlement.  Accordingly, Class Counsel and Defendant agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Fed. R. Civ. Pro. 11 or of 28 U.S.C. § 1927 relating to the prosecution, defense, or settlement of the Lawsuit.  In exchange for the relief provided by this Stipulation and Settlement, Michaels and the Released Parties jointly and severally, shall, and hereby do fully release and discharge Plaintiffs, the other Settlement Class Members, and Settlement Class Counsel, and all Plaintiffs' counsel from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Plaintiffs, the other Settlement Class Members, and Settlement Class Counsel, and all Plaintiffs' counsel, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the Settlement by the Court.

## USA TODAY NOTICE FORM

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO: All persons who shopped at select Michaels stores from January 1, 2011 and May 12, 2011, and their Payment Card (*i.e.,* credit or debit card) was swiped at certain PIN Pad terminals from which information was stolen in relation thereof (the "Class" and persons therein "Class Members").

IF YOU ARE OR MAY BE A MEMBER OF THIS CLASS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT COULD AFFECT YOUR RIGHTS.

There is now pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") a class action entitled *In re Michaels Stores Pin Pad Litigation,* Case No. 1:11-cv-03350, which is a consolidation of separate lawsuits filed against Michaels, each of which makes substantially identical allegations, and each of which is pending in the United States District Court for the Northern District of Illinois (together, the "Action" or "Lawsuit").

WHAT THIS ACTION IS ABOUT

Plaintiffs in the Action filed class action lawsuits on behalf of themselves and a class of persons (together, the "Complaint"). The Complaint alleges that certain customers suffered damages as a result of a data breach at select stores of Defendant Michaels Stores, Inc. ("Michaels") between January 1, 2011 and May 12, 2011 (the "Compromise"). While Michaels denies any wrongdoing and any liability whatsoever, it has concluded that it is in its best interests to settle the Action on the terms generally set forth herein in order to avoid expense, inconvenience, and interference with ongoing business operations. The parties have negotiated a proposed settlement. The Court has conditionally certified the class for settlement purposes only, with Plaintiffs as the representatives of the Class, and the Court has granted preliminary approval of the settlement, subject to a final settlement hearing discussed below. This notice explains the nature of the lawsuit and the general terms of the settlement, and informs you of your legal rights and obligations. This notice is dated _____.

THE PROPOSED SETTLEMENT

THE PARTIES HAVE AGREED TO THE SETTLEMENT GENERALLY DESCRIBED BELOW. IF THE SETTLEMENT IS FINALLY APPROVED, THE FOLLOWING BENEFITS AND OBLIGATIONS WILL RESULT:

Michaels will fund the Monetary Relief Fund to pay for: (1) reimbursement of out-of-pocket monetary losses from Unreimbursed Claims, as defined in the Settlement Agreement, by Settlement Class Members; (2) One year of credit monitoring provided by CSIdentity Corporation at the request of Class Members, and two years of credit monitoring if requested by Class Members who also have Unreimbursed Claims and/or Fraudulent Charges; (3) Administration costs; and (4) Plaintiffs' litigation costs and reasonable expenses. Any unused portion of the fund will be subject to cy pres distribution to Starlight Children's Foundation. Michaels has also agreed to confirm the steps it has taken with respect to PIN Pad security since the date of the compromise. If the Court approves the proposed settlement, it will enter a

13

judgment affecting the rights of all Class Members. All Class Members who do not validly and timely request to be excluded from the proposed settlement shall be deemed to have jointly and severally released and discharged Michaels and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Released Parties, including, without limitation, claims for violation of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.,* the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, any other consumer protection statutes under state or federal law, negligence, negligence *per se,* breach of contract, breach of implied contract, quasi-contract, or equitable claims, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the settlement by the Court ("Released Claims"). Released Claims include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Stipulation with Michaels and release of Released Parties. In addition, Class Members expressly waive and relinquish, as to the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542, or any other similar provision under federal or state law. Section 1542 states: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

ATTORNEYS' FEES AND COSTS

Subject to court approval, class counsel attorneys' fees shall be paid in accordance with the . This payment shall not reduce the benefits to the class.

FINAL SETTLEMENT HEARING

On _____, a hearing will be held to determine whether the proposed settlement is fair, reasonable and adequate; whether judgment should be entered in the Action on the merits and with prejudice that will bind all persons or entities who are members of the Class herein who have not requested exclusion; whether the Class should be certified as a class for settlement purposes; and whether and in what amount to award class counsel attorneys' fees and expenses. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before the Honorable Charles P. Kocoras.

WHAT YOU CAN DO TO MAKE A CLAIM

If you shopped at select Michaels stores (a list identifying the relevant Michaels store locations can be found at _____) from January 1, 2011 and May 12, 2011, and your Payment Card (*i.e.,* credit or debit card) was swiped at certain PIN Pad terminals from which information was stolen in relation thereof, you can make a claim by completing a Claim Form that will ask various questions about your transactions at Michaels and emailing the signed Claim Form to: _____, or mailing the Claim Form to: _____. The Claim Form is available for download at http://michaels.com/____, or by calling _____ and asking that a Claim Form be emailed or sent to you via U.S. Mail. The Claim Form will be used solely to determine if you are or were a purchaser at select Michaels stores from January 1, 2011 and May 12, 2011, and your credit or debit card information was stolen in relation to the claims in the Complaint. To be valid, the Claim Form must be received within _____ calendar days of the date of this Notice Of Class Action And Proposed Settlement. If your claim is not verified, you will be notified that it has not been verified, and given an opportunity to contest the denial of your claim. You must make a claim within _____ calendar days of the date of this Notice Of Class Action And Proposed Settlement. If you fail to make a claim within _____ calendar days of the date of this Notice Of Class Action And Proposed Settlement, you shall be forever barred from receiving the benefits pursuant to the parties' settlement agreement, but shall in all other respects be bound by all of the terms of parties' settlement agreement and will be barred from bringing any action against Michaels and Released Parties as described above.

WHAT YOU CAN DO TO EXCLUDE YOURSELF

You have the right to exclude yourself from both the class action and the settlement. However, if you make a claim as set forth above, you will not be entitled to exclude yourself from the class action, and if you exclude yourself from the class action you will not be entitled to receive any benefits from this settlement. If you wish to be excluded from the Class, you must submit a letter or postcard postmarked no later than _____ calendar days of the date of this Notice Of Class Action And Proposed Settlement, with: (a) your name, valid address, and telephone number; (b) the name of the Action; and (c) a statement that you are a Class Member and wish to be excluded from the Class. TO BE CONSIDERED VALID, A REQUEST FOR EXCLUSION MUST SET FORTH ALL OF THIS INFORMATION AND MUST BE TIMELY RECEIVED. Your request must be sent to the following address:_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, and you will not be precluded from otherwise prosecuting any individual claim, if timely, against Michaels based on the transactions alleged in the Action. If you object to the settlement, but do not wish to exclude yourself from the class action, you may object to the terms of the settlement. If your objection is rejected, you will be bound by the final judgment just as if you had not objected. If you have not timely and validly requested exclusion but wish to object to the settlement, you may appear at the hearing scheduled on _____, to show cause why the settlement should not be approved by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your personal attorney's fees and costs.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including the individual terms of the settlement in the Action, you may visit the office of the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, at _____. The Clerk will make the file relating to this lawsuit available to you for inspection and copying at your own expense.

DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.

BY ORDER OF THE COURT, JUDGE CHARLES P. KOCORAS, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**EXHIBIT D**

# CLASS ACTION CLAIM FORM

## *In re Michaels Stores Pin Pad Litigation,* No. 1:11-cv-03350

If you shopped at certain Michaels store locations (a list identifying the relevant Michaels store locations can be found at _____) from January 1, 2011, to May 12, 2011, and your Payment Card (*i.e.,* credit and/or debit card) was swiped on one of the Tampered PIN Pad Terminals and, as a result, your Payment Card information was stolen, and you wish to make a claim in the above referenced class action, please complete the claim form below.

If you **have not** suffered unauthorized charges or withdrawals from any bank account or other account connected to a Payment Card used at one of the Tampered PIN Pad Terminals ("Fraudulent Charges") and you used a Payment Card at a Michaels' store with one of the Tampered PIN Pad Terminals and your Payment Card was actually used at one of the Tampered PIN Pad Terminals, you can receive one year of credit monitoring relief by completing Sections 1, 2, and 5 of this Claim Form.

If you have experienced Fraudulent Charges regardless of whether those Fraudulent Charges were reimbursed or unreimbursed, in part or in whole, you can receive two years of credit monitoring relief by completing Sections 1, 2, 3 and 5 of this Claim Form.

If you suffered actual and unreimbursed out-of-pocket monetary loss from unreimbursed Fraudulent Charges, unreimbursed overdraft fees, unreimbursed late fees, unreimbursed insufficient funds fees, or unreimbursed card replacement fees ("Unreimbursed Claims") as a result of having your Payment Card information stolen on one of the Tampered PIN Pad Terminals, you can receive monetary reimbursement of those Unreimbursed Claims as well as two years of credit monitoring by completing Sections 1, 2, 3, 4, and 5 of this Claim Form.

All Unreimbursed Claims and/or Fraudulent Charges must be supported by written documentation evidencing the unreimbursed Fraudulent Charges, unreimbursed overdraft fees, unreimbursed late fees, unreimbursed insufficient funds fees, or unreimbursed card replacement fees ("Unreimbursed Claims"). Your signature accompanying this Claim Form attests, under penalty of perjury, that you have documentation supporting your claims and that you have not been reimbursed by a third party for the Unreimbursed Claims.

The information requested in the claim form is needed to process your claim and will be kept confidential except as necessary to process your claim. Your inability to answer all or some of the questions on this form will NOT automatically exclude you from receiving payment for documented Unreimbursed Claims and/or credit monitoring services. However, the more information you provide, the greater the likelihood your claim will be accepted.

Once you complete the claim form and sign it under penalty of perjury, please mail it to:

Epiq Systems, Inc, Settlement Administrator
_____

1

_____

In order to make a claim, this claim form MUST be received by the Settlement Administrator on or before _____.

## SECTION 1: PERSONAL INFORMATION

Name (first, middle, last):_____

Address:_____

City:_____ State:_____ Zip code: _____

Home telephone number: _____ Email: _____

## SECTION 2: PAYMENT CARD INFORMATION

Please identify the Payment Card(s) that was/were used by you to shop at certain Michaels store locations from January 1, 2011, to May 12, 2011, that may have been swiped on one of the Tampered PIN Pad Terminals, including the date(s)[1] the Payment Card(s) was/were used, the Michaels store location(s), the type and identifying information for each Payment Card (*i.e.,* whether the Payment Card was issued by American Express, MasterCard, Visa, etc. and whether the Payment Card was a debit and/or credit card), and last four (4) digits of the account number for each Payment Card:

| Date(s) Used | Michaels Store location(s) | Type of Payment Card | Last 4 Digits of Payment Card Account Number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

If you have a copy of the receipt(s) for the purchases you made using the Payment Card(s), please attach a copy of the receipt(s) to this claim form.

---

[1] If you cannot recall the exact date, please provide an approximate date, or as much information as possible.

2

## SECTION 3:  FRAUDULENT CHARGES:

For each Payment Card identified in Section 2, please identify each Payment Card where there were Fraudulent Charges made in connection with your use of the Payment Card at certain Michaels store locations from January 1, 2011, to May 12, 2011, including the date of the Fraudulent Charges and a description of those Fraudulent Charges:

| Date of Fraudulent Charge | Description of the Fraudulent Charge |
|---|---|
|  |  |
|  |  |
|  |  |

Each Fraudulent Charge identified above must be supported by documentation, with said documentation attached to this claim form.

## SECTION 4: UNREIMBURSED CLAIMS

If you suffered actual and unreimbursed out-of-pocket monetary loss from unreimbursed Fraudulent Charges, unreimbursed overdraft fees, unreimbursed late fees, unreimbursed insufficient funds fees, or unreimbursed card replacement fees ("Unreimbursed Claims") as a result of having your Payment Card information stolen on one of the Tampered PIN Pad Terminals, please provide a specific description of the Unreimbursed Claims (unreimbursed Fraudulent Charges, unreimbursed overdraft fees, unreimbursed late fees, unreimbursed insufficient funds fees, or unreimbursed card replacement fees), including the date and amount of each Unreimbursed Claim:

| Description of Unreimbursed Claim or Fraudulent Charges | Date of Unreimbursed Claim | Amount of Unreimbursed Claim |
|---|---|---|
|  |  |  |

| | | |
|---|---|---|
| | | |
| | | |
| | | |

Each Unreimbursed Claim identified above must be supported by documentation, with said documentation attached to this claim form.

## SECTION 5: CREDIT-MONITORING

Do you elect to obtain credit-monitoring? Please check: Yes □ or No □

If you elect credit monitoring relief, you will be contacted after Final Approval of the Settlement and the end of the Claims Period either by the Epiq Systems, Inc. (the Settlement Administrator) or CSIdentity Corporation (the entity engaged by the Parties to provide credit monitoring services. At that time, you will be provided with the information necessary to initiate the credit monitoring services. Please note that to activate the credit monitoring services you will be required to provide the credit monitoring company with, among other things, your social security number.

## SECTION 6: MISCELLANEOUS:

Please state any additional information you believe will assist in verifying your claim:

_____

_____

_____

_____

I declare under penalty of perjury under the laws of the State of _____ and the United States that the foregoing is true and correct.

Date:_____

_____
Signature

_____
Print Name

All claims will be subject to verification of submitted claim information.

**EXHIBIT E**

| Store # | Address | City | State | Zip |
|---|---|---|---|---|
| 777 | 5650 Allen Way Ste 108 | Castle Rock | CO | 80108 |
| 207 | 2140 Southgate Rd | Colorado Springs | CO | 80906-2659 |
| 371 | 3040 N Powers Blvd | Colorado Springs | CO | 80922-2803 |
| 720 | 7664 N Academy Blvd | Colorado Springs | CO | 80920-3208 |
| 276 | 9291 S Broadway | Highlands Ranch | CO | 80129-5631 |
| 700 | 5382 S Wadsworth Blvd | Littleton | CO | 80123-2201 |
| 375 | 11425 S Twenty Mile Rd | Parker | CO | 80134-4918 |
| 991 | 800 Centre Blvd | Newark | DE | 19702-3213 |
| 954 | 2625 Piedmont Rd NE | Atlanta | GA | 30324-3011 |
| 100 | 425 Ernest W Barrett Pkwy NW | Kennesaw | GA | 30144-4993 |
| 100 | 2540 Cumberland Blvd, Ste C | Smyrna | GA | 30080-2801 |
| 286 | 4000 LaVista Rd | Tucker | GA | 30084-5205 |
| 373 | 1725 SE Delaware Ave | Ankeny | IA | 50021-3936 |
| 875 | 2515 Corridor Way Ste 4 | Coralville | IA | 52241-2700 |
| 210 | 4010 E 53rd St | Davenport | IA | 52807-3033 |
| 300 | 1470 Twixt Town Rd | Marion | IA | 52302-3080 |
| 867 | 402 W Army Trail Dr | Bloomingdale | IL | 60108-1379 |
| 956 | 7600 S Cicero Ave Ste B | Burbank | IL | 60459-1500 |
| 481 | 9680 S Ridgeland Ave | Chicago Ridge | IL | 60415-2609 |
| 103 | 1206 75th St | Downers Grove | IL | 60516-4235 |
| 203 | 2231 Willow Rd | Glenview | IL | 60025-7636 |
| 107 | 1050 Mt Prospect Plaza | Mount Prospect | IL | 60056-2669 |
| 480 | 2768 Aurora Ave | Naperville | IL | 60540-1001 |
| 862 | 7225 W Dempster St | Niles | IL | 60714-2107 |
| 384 | 7055 Central Ave | Skokie | IL | 60077-3272 |
| 108 | 701 N Milwaukee Ave Ste 164 | Vernon Hills | IL | 60061-1530 |
| 876 | 7155 S Kingery Hwy | Willowbrook | IL | 60527-5525 |
| 988 | 140 Ivory St | Braintree | MA | 02184-7410 |
| 982 | 34 Cambridge St | Burlington | MA | 01803-4674 |
| 872 | 35 Independence Way | Danvers | MA | 01923-3626 |
| 159 | 17 Mystic View Rd | Everett | MA | 02149-2428 |
| 985 | 1246 Washington St | Hanover | MA | 02339-1631 |
| 278 | 9041 Snowden River Pkwy | Columbia | MD | 21046-1657 |
| 881 | 4360 Montgomery Rd | Ellicott City | MD | 21043-6006 |
| 273 | 7665 Arundel Mills Blvd | Hanover | MD | 21076-1305 |
| 980 | 1509 Rockville Pike | Rockville | MD | 20852-1601 |
| 881 | 13850 Georgia Ave | Wheaton | MD | 20906-2924 |
| 202 | 4337 Park Rd | Charlotte | NC | 28209-2233 |
| 953 | 8716 JW Clay Blvd | Charlotte | NC | 28262-8471 |
| 988 | 8120 Providence Rd | Charlotte | NC | 28277-9750 |
| 997 | 9571 South Blvd | Charlotte | NC | 28273-6901 |
| 672 | 1006 Shoppes at Midway Dr | Knightdale | NC | 27545-7313 |
| 285 | 10510 Northeast Pkwy | Matthews | NC | 28105-6708 |
| 987 | 5240 Capital Blvd | Raleigh | NC | 27616-2924 |
| 670 | 348 State Rt 3 W | Clifton | NJ | 07014 |
| 986 | 410 State Rte 10 | East Hanover | NJ | 07936-3552 |
| 370 | 325 Hwy 202 | Flemington | NJ | 08822-1730 |
| 167 | 240 Rt 17 N | Paramus | NJ | 07652-2925 |
| 993 | 300 Nassau Park Blvd | Princeton | NJ | 08540-5940 |
| 203 | 1701 US Hwy 22 Ste 65 | Watchung | NJ | 07069-6500 |
| 210 | 4410 Wyoming Blvd NE | Albuquerque | NM | 87111-3165 |

| Store # | Address | City | State | Zip |
|---|---|---|---|---|
| 472 | 3701 Ellison Dr NW Ste B | Albuquerque | NM | 87114-7016 |
| 155 | 9881 S Eastern Ave | Las Vegas | NV | 89123-6949 |
| 580 | 1251 S Decatur Blvd | Las Vegas | NV | 89102-5515 |
| 877 | 7195 Arroyo Crossing Pkwy | Las Vegas | NV | 89113-4057 |
| 473 | 1350 Northern Blvd | Manhasset | NY | 11030-3004 |
| 275 | 3610 Long Beach Rd | Oceanside | NY | 11572-5705 |
| 878 | 9030 Metropolitan Ave | Rego Park | NY | 11374-5328 |
| 474 | 253-01 Rockaway Blvd | Rosedale | NY | 11422-3113 |
| 482 | 1280 Corporate Dr | Westbury | NY | 11590-6625 |
| 473 | 24081 Chagrin Blvd | Beachwood | OH | 44122-5512 |
| 581 | 1361 SOM Center Rd | Mayfield Heights | OH | 44124-2103 |
| 850 | 4955 SW Western Ave | Beaverton | OR | 97005-3429 |
| 988 | 18069 NW Evergreen Pkwy | Beaverton | OR | 97006-7440 |
| 950 | 3475 Crater Lake Hwy | Medford | OR | 97504-9259 |
| 372 | 780 NW Garden Valley Blvd Ste | Roseburg | OR | 97470-6515 |
| 883 | 3318 Gateway St | Springfield | OR | 97477-1054 |
| 482 | 7705 SW Nyberg St | Tualatin | OR | 97062-8443 |
| 480 | 285 Main St | Exton | PA | 19341-3701 |
| 940 | 751 Bustleton Pike | Feasterville | PA | 19053-6055 |
| 981 | 200 W DeKalb Pike | King of Prussia | PA | 19406-2327 |
| 203 | 601 W Baltimore Pike | Springfield | PA | 19064-3812 |
| 871 | 1500 Bald Hill Rd Unit C | Warwick | RI | 02886-4259 |
| 571 | 215 E 12300 S | Draper | UT | 84020-8185 |
| 773 | 1128 E Ft Union Blvd | Midvale | UT | 84047-1804 |
| 944 | 2236 S 1300 St E Ste D-2 | Salt Lake City | UT | 84106-2803 |
| 980 | 6330 Seven Corners Shopping | Falls Church | VA | 22044-2444 |
| 168 | 9856 W Broad St | Glen Allen | VA | 23060-4171 |
| 981 | 11607 Midlothian Tpke | Midlothian | VA | 23113-2620 |
| 206 | 6717 Spring Mall Dr | Springfield | VA | 22150-1907 |
| 971 | 311 Maple Ave E | Vienna | VA | 22180-4717 |
| 981 | 1325B SE Everett Mall Way | Everett | WA | 98208-2808 |
| 840 | 9755 Juanita Dr NE | Kirkland | WA | 98034-4201 |
| 211 | 3115 Alderwood Mall Blvd | Lynnwood | WA | 98036-4719 |
| 775 | 16418 Twin Lakes Ave | Marysville | WA | 98271 |
| 884 | 17400 Southcenter Pkwy | Tukwila | WA | 98188-3705 |