**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>This Documents Relates to All Actions | Case No. 1:11-cv-03350<br><br><u>CLASS ACTION</u><br><br>Honorable Thomas M. Durkin |

**[PROPOSED] ORDER APPROVING SETTLEMENT**

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement ("Stipulation") dated December 7, 2012; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, and expenses; (3) held a Fairness Hearing after being satisfied that notice to the Settlement Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on December 19, 2012 (the "Preliminary Approval Order"); (4) taken into account any objections submitted prior to the Fairness Hearing in accordance with the Preliminary Approval Order, and the presentations and other proceedings at the Fairness Hearing; (5) considered the Settlement in the context of all prior proceedings had in this litigation. Accordingly, the Court enters the following **FINDINGS and CONCLUSIONS**:

A. Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Stipulation.

B. The Court has subject matter jurisdiction over this Lawsuit and all acts within this Lawsuit, and over all the parties to this Lawsuit, including all members of the Settlement Class.

C. The Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D. The notice to putative Settlement Class Members consisted of a quarter black and white page ad that ran on January 10, 2013 and January 14, 2013 in USA Today with circulation in the areas of the stores at which the Compromise occurred. The Settlement Administrator also created a website where potential Settlement Class Members could obtain a more detailed Settlement Notice and that provided a list of stores at which the Compromise occurred. Michaels provided a link on the front page of Michaels.com to the Settlement Administrator's website and posted notices in the eighty-six (86) affected stores. Michaels further provided notification on receipts in the eighty-six (86) affected stores during the Settlement Notice period. The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Lawsuit, and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E. The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that no objections to the Settlement have been filed.

F. The Settlement is the product of good faith, arm's length negotiations between the Plaintiffs and Class Counsel, on the one hand, and Michaels and its counsel, on the other hand.

G. The Settlement, as provided for in the Stipulation, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court considered a number of factors, including: (1) the strength of Plaintiffs' case compared to the amount of Michaels' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel Tech., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006).

H. A list of those Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who are therefore not bound by the Settlement, the provisions of the Stipulation, this Order and the Final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of the Settlement Administrator (attached as Exhibit A to Plaintiffs' Memorandum of Law in Support of Joint Motion for Order Certifying Settlement Class and Final Approval of Settlement, hereinafter "Garcia Decl."), filed in advance of the Fairness Hearing. All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Stipulation, this Order, and Final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

<u>Certification of Class and Approval of Settlement</u>

1. The Settlement and the Stipulation are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The parties are ordered and directed to comply with the terms and provisions of the Stipulation.

2. The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> all customers who purchased items at a Michaels store location from January 1, 2011, to May 12, 2011, whose Payment Card was swiped on one of the Tampered PIN Pad Terminals.
>
> Excluded from the "Settlement Class," "Settlement Class Members," or "Class Members" are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also excluded are any individuals or entities who "opt out" of the Settlement.

The putative Settlement Class Members identified on the list submitted to the Court as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Stipulation. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in

the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the nationwide class proposed in the Settlement.

3. For purposes of Settlement only, Plaintiffs are certified as representatives of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Settlement Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Stipulation.

4. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

<u>Release and Injunctions Against Released Claims</u>

5. The Settlement Class and each member of that class, including Class Representatives (who shall not opt-out), jointly and severally, shall, and hereby do fully release and discharge Michaels and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed,

contingent or accrued, arising out of or in any way relating to the Compromise, or any matter or event occurring up to the execution of this Stipulation, arising out of the dispute which is the subject of the Lawsuit or which could have been asserted in the Lawsuit based on the facts alleged, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, arising out of, concerning, or in connection with any act or omission by or on the part of Released Parties, including, without limitation, claims for violation of the Stored Communications Act, 18 U.S.C. § 2702, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ICLS 505/1, *et seq.*, the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-19, any other consumer protection statutes under state or federal law, negligence, negligence *per se*, breach of contract, breach of implied contract, quasi-contract, or equitable claims, based on the facts alleged in the Lawsuits, and/or arising out of or in relation to the Compromise, from January 1, 2011, through the date of Final Approval of the settlement by the Court ("Released Claims"). Released Claims include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Stipulation with Michaels and release of Released Parties.

6. The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims. In addition, Settlement Class Members are enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

Applications for Attorneys' Fees, Costs, and Expenses

7.      The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. The Court recognizes that Michaels has not opposed an award of attorneys' fees and costs of $1,200,000. This agreement is in addition to the other relief to be provided to Class Members under the Stipulation. On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $1,200,000, to be paid in accordance with the terms of the Stipulation. The Court further awards $55,565.26 in litigation expenses, as well as $2,500 to each of the ten named Plaintiffs as an incentive award, both the litigation expenses and incentive awards (totaling $80,565.26) to be paid from the fund to be created by Defendant pursuant to the terms of the Settlement.

Other Provisions

8.      Neither the Stipulation nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiffs, and any Settlement Class Member, Michaels, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Lawsuit are or are not meritorious, and this Order, the Stipulation or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however*, that the Stipulation, this Order, and the Final Judgment to be entered thereon may be filed in any action by Michaels

or Settlement Class Members seeking to enforce the Stipulation or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Stipulation's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

9. In the event the Stipulation does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

Entry of Judgment

10. The Clerk of the Court is directed to enter the Final Judgment in the form attached to this Order dismissing all Released Claims with prejudice as to Michaels.

**SO ORDERED** this _____ day of _____ 2013.

_____
HONORABLE THOMAS M. DURKIN
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE MICHAELS STORES PIN PAD LITIGATION<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>This Documents Relates to All Actions | Case No. 1:11-cv-03350<br><br><u>CLASS ACTION</u><br><br>Honorable Thomas M. Durkin |

**[Proposed] FINAL JUDGMENT**

The Court has entered Final Approval of the parties' Settlement. Accordingly, Plaintiffs' and the Settlement Class's claims against Michaels Stores, Inc. are hereby **DISMISSED WITH PREJUDICE**, and this Final Judgment shall issue consistent with Federal Rule of Civil Procedure 58.

**SO ORDERED** this _____ day of _____ 2013.

_____
HONORABLE THOMAS M. DURKIN
UNITED STATES DISTRICT JUDGE